EXHIBIT A

**COPY**

**BY FAX**

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com

8
   Attorneys for Plaintiff ALLYZA CAHILIG,
9  on behalf of herself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 1 0 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 12 ALLYZA CAHILIG, on behalf of herself and all others similarly situated, | **CLASS ACTION** |
| 13 | Case No. **19STCV00676** |
| 14 Plaintiffs, | **COMPLAINT FOR:** |
| 15 v. | 1. **FAILURE TO PROVIDE ALL PAID REST PERIODS** |
| 16 IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, | 2. **VIOLATIONS OF LABOR CODE §203;**<br>3. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 17 | |
| 18 Defendants. | 4. **INDEPENDENT FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 19 | 5. **PENALTIES PURSUANT TO LABOR CODE §2699; AND** |
| 20 | 6. **UNFAIR BUSINESS PRACTICES** |
| 21 | **DEMAND FOR JURY TRIAL** |

22

23      Plaintiff ALLYZA CAHILIG, an individual on behalf of herself and all others similarly

24  situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against

25  Defendant IKEA U.S. RETAIL, LLC and DOES 1 to 100 (hereinafter collectively referred to as

26  "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief,

27  allege as follows:

28  ///

## I.

## INTRODUCTION

1. This is a civil action seeking recovery for Defendants' violations of the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders") and related common law principles.

2. Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

RELEVANT JOB TITLES

4. For introductory and general information only (and not to be considered a proposed class definition), the relevant individuals in this action are Defendants' hourly-paid employees who were subjected to Defendants' policies and practices as described herein. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

5. With regard to Defendants' hourly-paid employees, Defendants have:

    a. Failed to provide all paid rest periods;

    b. Violated Labor Code §203;

    c. Derivatively failed to timely furnish accurate itemized wage statements;

    d. Independently failed to timely furnish accurate itemized wage statements;

    e. Incurred penalties pursuant to Labor Code §§2698, et seq.; and

    f. Conducted unfair business practices.

///

///

## II.

## PARTIES

PLAINTIFF ALLYZA CAHILIG

6.    Plaintiff ALLYZA CAHILIG is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7.    Plaintiff ALLYZA CAHILIG worked for Defendants as an hourly-paid employee from approximately August 2013 to August 25, 2018 in Carson, California, which is in Los Angeles County, California.

8.    Plaintiff ALLYZA CAHILIG seeks recovery herein from Defendants because with regard to Plaintiff ALLYZA CAHILIG, while acting for Defendants in her capacity as an hourly-paid employee, Defendants have:

    a.  Failed to provide all paid rest periods;

    b.  Violated Labor Code §203;

    c.  Derivatively failed to timely furnish accurate itemized wage statements;

    d.  Independently failed to timely furnish accurate itemized wage statements;

    e.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

    f.  Conducted unfair business practices.

DEFENDANT, IKEA U.S. RETAIL, LLC

9.    Defendant IKEA U.S. RETAIL, LLC is now and/or at all times mentioned in this Complaint was a Virginia corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

10.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

11.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

///

- 3 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

1      12.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and
2  capacities as soon as they are ascertained.

3  **ALL DEFENDANTS**

4      13.    Defendants, and each of them, are now and/or at all times mentioned in this
5  Complaint were in some manner legally responsible for the events, happenings and circumstances
6  alleged in this Complaint.

7      14.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful
8  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

9      15.    Defendants, and each of them, are now and/or at all times mentioned in this
10  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-
11  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times
12  mentioned in this Complaint were acting within the course and scope of that agency, servitude
13  and/or employment.

14      16.    Defendants, and each of them, are now and/or at all times mentioned in this
15  Complaint were members of and/or engaged in a joint venture, partnership and common
16  enterprise, and were acting within the course and scope of, and in pursuance of said joint
17  venture, partnership and common enterprise.

18      17.    Defendants, and each of them, at all times mentioned in this Complaint concurred
19  and contributed to the various acts and omissions of each and every one of the other Defendants
20  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

21      18.    Defendants, and each of them, at all times mentioned in this Complaint approved
22  of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in
23  this Complaint.

24      19.    Defendants, and each of them, at all times mentioned in this Complaint aided and
25  abetted the acts and omissions of each and every one of the other Defendants thereby
26  proximately causing the damages alleged in this Complaint.

27  ///

28  ///

- 4 -

## III.

### JURISDICTION AND VENUE

20.     The California Superior Court has jurisdiction in this matter due to Defendants'
aforementioned violations of California statutory law and/or related common law principles.

21.     The California Superior Court also has jurisdiction in this matter because both the
individual and aggregate monetary damages and restitution sought herein exceed the minimal
jurisdictional limits of the Superior Court and will be established at trial, according to proof.

22.     The California Superior Court also has jurisdiction in this matter because during
their employment with Defendants, Plaintiff ALLYZA CAHILIG and the members of the putative
Classes herein were all California citizens. Further, there is no federal question at issue, as the issues
herein are based solely on California statutes and law.

23.     Venue is proper in Los Angeles County pursuant to CCP §395(a) and CCP §395.5
in that liability arose there because at least some of the transactions that are the subject matter of
this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts
business, and/or has an agent therein.

## IV.

### CLASS ACTION ALLEGATIONS

24.     CCP §382 provides in pertinent part: "...[W]hen the question is one of a common
or general interest, of many persons, or when the parties are numerous, and it is impracticable to
bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs
bring this suit as a class action pursuant to CCP §382.

25.     The putative classes Plaintiffs will seek to certify are currently composed of and
defined as follows:

> a.  All California citizens employed by Defendants as hourly-paid employees
> during the appropriate time period who were subjected to Defendants' policies
> and practices regarding providing all paid rest periods as specifically
> described herein (hereinafter, the "Rest Period Class");

///

**CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

b. All formerly-employed California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class");

c. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements (hereinafter, the "Derivative Wage Statement Class");

d. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements (hereinafter, the "Independent Wage Statement Class");

e. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

26. The Rest Period Class, LC 203 Class, Derivative Wage Statement Class, Independent Wage Statement Class, and 17200 Class are herein collectively referred to as the "Classes."

27. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

28. Numerosity (CCP §382):

a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

///

- 6 -

b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

29. Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against

**CAHLIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

    iv) potentially incompatible standards of conduct for Defendants; and

    v) potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

///

- 8 -

**CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

        j.   The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30.   Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29 Cal.4th 1096), as follows:

     a.   Typicality: The claims of Plaintiff ALLYZA CAHILIG are typical of the claims of all members of the Classes she seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

     b.   Adequacy: Plaintiff ALLYZA CAHILIG:

         i)    is an adequate representative of the Classes she seeks to represent;

         ii)   will fairly protect the interests of the members of the Classes;

         iii)  has no interests antagonistic to the members of the Classes; and

         iv)  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

     c.   Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

         i)    Whether Defendants failed and continue to fail to provide all paid rest periods to the members of the Rest Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

         ii)   Whether Defendants are liable pursuant to Labor Code §203 to the members of the LC 203 Class;

///

- 9 -

iii)   Whether Defendants derivatively failed to timely furnish accurate,
itemized and legal wage statements to the members of the Derivative
Wage Statement Class;

iv)   Whether Defendants independently failed to timely furnish accurate,
itemized and legal wage statements to the members of the Independent
Wage Statement Class;

v)   Whether Defendants' conduct constitutes unfair competition within the
meaning of B&PC §17200, et seq.;

vi)   Whether Defendants' conduct constitutes unfair business practices
within the meaning of B&PC §17200, et seq.;

vii)   Whether the members of the Classes are entitled to compensatory
damages, and if so, the means of measuring such damages;

viii)   Whether the members of the Classes are entitled to injunctive relief;

ix)   Whether the members of the Classes are entitled to restitution; and

x)   Whether Defendants are liable for attorneys' fees and costs.

31.    Whether each member of the Classes might be required to ultimately justify an
individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha
(1972) 7 Cal.3d 232, 238).

V.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE ALL PAID REST PERIODS**

**(On Behalf of the Rest Period Class)**

**(Against All Defendants)**

32.    Plaintiffs incorporate by reference and reallege each and every one of the
allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set
forth herein.

///

- 10 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

33.     Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

34.     Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

35.     Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

36.     Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

37.     Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

38.     The members of the Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

39.     The members of the Rest Period Class were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

40.     Defendants' rest break policy states in pertinent part: "Each rest break is a full 10-minute rest break with 5 minutes for travel time to and from the department. ... All rest breaks

- 11 -

1  are taken in either the Staff Café or other designated non-work areas. <u>You are required to stay on</u>
2  <u>the premises during paid rest breaks.</u>" (emphasis added).

3       41.    As such, the members of the Rest Period Class were not allowed to leave
4  Defendants' premises for their rest breaks, in violation of <u>Augustus v ABM Security Services,</u>
5  <u>Inc.</u> (2016) 2 Cal.5th 257, as Defendants failed to relinquish all control over how the members of
6  the Rest Period Class spent their rest breaks.

7       42.    As such, as a matter of Defendants' established company policy, Defendants
8  failed to authorize and permit required rest periods established by <u>Labor Code</u> §226.7 and <u>Labor</u>
9  <u>Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

10      43.    Pursuant to Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b)
11  which states "if an employer fails to provide an employee a meal or rest period in accordance
12  with an applicable order of the Industrial Welfare Commission, the employer shall pay the
13  employee one additional hour of pay at the employee's regular rate of compensation for each
14  work day that the meal or rest period is not provided," the members of the Rest Period Class are
15  entitled to damages in an amount equal to one (1) additional hour of pay at each employee's
16  regular rate of compensation for each work day that the rest period was not so provided.

17      44.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Rest Period
18  Class seek recovery of pre-judgment interest on all amounts recovered herein.

19                          **SECOND CAUSE OF ACTION**

20                   **VIOLATIONS OF <u>LABOR CODE</u> §203**

21                        **(On Behalf of the LC 203 Class)**

22                           **(Against All Defendants)**

23      45.    Plaintiffs incorporate by reference and reallege each and every one of the
24  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set
25  forth herein.

26      46.    <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without
27  abatement or reduction, in accordance with <u>Labor Code</u> §§201 and 202, any wages of an
28  employee who is discharged or who quits, the wages of the employee shall continue at the same

1    rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is

2    commenced.

3        47.    The members of the LC 203 Class are no longer employed by Defendants as they

4    were either discharged from or quit Defendants' employ.

5        48.    Defendants had a consistent and uniform policy, practice and procedure of

6    willfully failing to pay the earned wages of Defendants' former employees, according to

7    amendment or proof.

8        49.    Defendants willfully failed to pay the members of the LC 203 Class their entire

9    wages due and owing at the time of their termination or within seventy-two (72) hours of their

10   resignation, and failed to pay those sums for up to thirty (30) days thereafter.

11       50.    Defendants' willful failure to pay wages to the members of the LC 203 Class

12   violates Labor Code §203 because Defendants knew or should have known wages were due to

13   the members of the LC 203 Class, but Defendants failed to pay them.

14       51.    Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor

15   Code §203.

16                          **THIRD CAUSE OF ACTION**

17                          **DERIVATIVE FAILURE TO TIMELY**

18                    **FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

19                    **(On Behalf of the Derivative Wage Statement Class)**

20       52.    Plaintiffs incorporate by reference and reallege each and every one of the

21   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

22   forth herein.

23       53.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly

24   or at the time of each payment of wages, furnish each of his or her employees, either as a

25   detachable part of the check, draft, or voucher paying the employee's wages, or separately when

26   wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

27   gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages

28   earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and

                                              - 13 -

1   address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during
2   each the pay period and the corresponding number of hours worked at each hourly rate by the
3   employee....".

4        54.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every
5   employer shall keep accurate information with respect to each employee including the following:
6   (3) Time records showing when the employee begins and ends each work period. Meal periods,
7   split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked
8   in the payroll period and applicable rates of pay...."

9        55.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A),
10   California employers are required to maintain accurate records pertaining to the total hours
11   worked for Defendants by the members of the Derivative Wage Statement Class, including but
12   not limited to, beginning and ending of each work period, meal period and split shift interval, the
13   total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

14        56.    As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage
15   Orders §7(A), Defendants did not and still do not furnish each of the members of the Derivative
16   Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages
17   earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or
18   (5) all applicable hourly rates in effect during each respective pay period and the corresponding
19   number of hours worked at each hourly rate by each respective individual.

20        57.    As set forth herein in prior causes of action, Defendants allegedly failed to pay the
21   members of the Derivative Wage Statement Class all wages due and owing.

22        58.    As a derivative result of this failure to pay wages and as a pattern and practice in
23   violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants did not and do
24   not maintain accurate records pertaining to the total hours worked for Defendants by the
25   members of the Derivative Wage Statement Class, including but not limited to, beginning and
26   ending of each work period, meal period interval, all rest period hours worked and rest period
27   premiums paid, total daily hours worked, total hours worked per pay period, and the applicable
28   rates of pay.

- 14 -

59. As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

60. Here, the members of Derivative Wage Statement Class suffered injury because, due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to provide accurate and complete information as required by one or more items listed in Labor Code §226(a)(1)-(9).

61. In addition, the members of the Derivative Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Derivative Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

62. The actual injuries suffered by the members of the Derivative Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Derivative Wage Statement Class include but are not limited to:

a. Confusion over whether they received all wages owed them by Defendants;

b. The difficulty and expense of attempting to reconstruct time and pay records;

c. Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

///

- 15 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

1              d.   The inability to accurately calculate wage rates complicated by the fact that

2                wage statement information required by Labor Code §226 is missing;

3              e.   That such practice prevents the members of the Derivative Wage Statement

4                Class from being able to effectively challenge information on their wage

5                statements; and/or

6              f.   The difficulty and expense of filing and maintaining this lawsuit, and the

7                discovery required to collect and analyze the very information that California

8                law requires.

9       63.     Pursuant to Labor Code §226(e), the members of the Derivative Wage Statement

10 Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a

11 violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in

12 a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

13 ($4,000.00).

14       64.     Pursuant to Labor Code §226(g), the currently-employed members of the

15 Derivative Wage Statement Class are entitled to injunctive relief to ensure Defendants'

16 compliance with Labor Code §226.

17       65.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Derivative

18 Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

19                       **FOURTH CAUSE OF ACTION**

20                   **INDEPENDENT FAILURE TO TIMELY**

21          **FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

22           **(On Behalf of the Independent Wage Statement Class)**

23                    **(Against All Defendants)**

24       66.     Plaintiffs incorporate by reference and reallege each and every one of the

25 allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

26 forth herein.

27       67.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly

28 or at the time of each payment of wages, furnish each of his or her employees, either as a

- 16 -

**CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

1  detachable part of the check, draft, or voucher paying the employee's wages, or separately when
2  wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)
3  gross wages earned, (2) total hours worked by the employee, except for any employee whose
4  compensation is solely based on a salary and who is exempt from payment of overtime under
5  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3)
6  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a
7  piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the
8  employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
9  dates of the period for which the employee is paid, (7) the name of the employee and only the
10 last four digits of his or her social security number or an employee identification number other
11 than a social security number, (8) the name and address of the legal entity that is the employer
12 and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the
13 name and address of the legal entity that secured the services of the employer, and (9) all
14 applicable hourly rates in effect during the pay period...".

15       68.     As a pattern and practice, in violation of Labor Code §226(a), Defendants did not
16 and still do not furnish each of the members of the Independent Wage Statement Class with an
17 accurate itemized statement in writing showing the name and address of the legal entity that is
18 the employer.

19       69.     As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an
20 employee suffers injury if the employer fails to provide accurate and complete information as
21 required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot
22 promptly and easily ascertain requisite information without reference to other documents or
23 information.

24       70.     Here, the members of Independent Wage Statement Class suffered injury because
25 Defendants failed to provide accurate and complete information as required by one or more items
26 listed in Labor Code §226(a)(1)-(9) and the Independent Wage Statement Class members could
27 not and cannot promptly and easily ascertain requisite information without reference to other
28 documents or information.

- 17 -

**CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

71.     In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to the name and address of the legal entity that is the employer, in violation of Labor Code §226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to the name and address of the legal entity that is the employer.

72.     The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Independent Wage Statement Class include but are not limited to:

    a.   That such practice prevents the members of the Independent Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

    b.   The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

73.     Pursuant to Labor Code §226(e), the members of the Independent Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

74.     Pursuant to Labor Code §226(g), the currently-employed members of the Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

75.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Independent Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

///

- 18 -

# FIFTH CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE §2699

### (On Behalf of the Aggrieved Employees)

### (Against All Defendants)

76.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

77.     Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") (or any of its departments, divisions, commissions, board agencies or employees), such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

    a.  As applicable, for civil penalties under Labor Code §2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

    b.  As applicable, for civil penalties under Labor Code §558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§1-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

///

- 19 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

c. As applicable, for civil penalties under Labor Code §1197.1 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

d. As applicable, for civil penalties under Labor Code §210 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each employee who is/was not paid wages in accordance with Labor Code §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5) in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

e. As applicable, for civil penalties under Labor Code §226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

f. As applicable, civil penalties under Labor Code §§203 and/or 256 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days; and

g. As applicable, any and all additional applicable civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

**CAHLIG V. IKEA U.S. RETAIL, LLC - COMPLAINT**

1  78.  In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all
2  penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of
3  employers and employees about their rights and responsibilities under the Labor Code, and
4  twenty-five percent (25%) to the aggrieved employees.

5  79.  Pursuant to Labor Code §218.6 and CC §3287, these aggrieved employees seek
6  recovery of pre-judgment interest on all amounts recovered herein.

7  80.  Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs
8  pursuant to Labor Code §§2699(g)(1) and any other applicable statute.

9  81.  Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved
10 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision
11 listed in Section 2699.5 shall commence only after the following requirements have been met:
12 (1) (A) The aggrieved employee or representative shall give written notice by online filing with
13 the Labor and Workforce Development Agency and by certified mail to the employer of the
14 specific provisions of this code alleged to have been violated, including the facts and theories to
15 support the alleged violation."

16 82.  Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved
17 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision
18 other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall
19 commence only after the following requirements have been met: (1) (A) The aggrieved
20 employee or representative shall give written notice by online filing with the Labor and
21 Workforce Development Agency and by certified mail to the employer of the specific provisions
22 of this code alleged to have been violated, including the facts and theories to support the alleged
23 violation."

24 83.  Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code
25 §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such,
26 Labor Code §2699.3(a) and §2699.3(c) apply to this action.

27 84.  On November 2, 2018, Plaintiffs complied with Labor Code §2699.3(a) and
28 Labor Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and

- 21 -

1  by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been
2  violated, including the facts and theories to support the alleged violations. Attached hereto as
3  Exhibit "1" is Plaintiffs' LWDA letter.

4      85.    Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall
5  notify the employer and the aggrieved employee or representative by certified mail that it does
6  not intend to investigate the alleged violation within 60 calendar days of the postmark date of the
7  notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided
8  within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the
9  aggrieved employee may commence a civil action pursuant to Section 2699."

10      86.    As of January 6, 2019 (65 calendar days after Plaintiffs' November 2, 2018
11  LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA
12  intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code
13  §2699.3(a) and have been given authorization therefrom to commence a civil action which
14  includes a cause of action pursuant to Labor Code §2699.

15      87.    Further, as of December 5, 2018 (33 calendar days after Plaintiffs' November 2,
16  2018 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received
17  from Defendants written notice by certified mail that the alleged violations have been cured,
18  including a description of actions taken. As such, Plaintiffs have complied with Labor Code
19  §2699.3(c) and have been given authorization therefrom to commence a civil action which
20  includes a cause of action pursuant to Labor Code §2699.

21  **SIXTH CAUSE OF ACTION**
22  **UNFAIR BUSINESS PRACTICES**
23  **(On Behalf of the 17200 Class)**
24  **(Against All Defendants)**

25      88.    Plaintiffs incorporate by reference and reallege each and every one of the
26  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set
27  forth herein.

28  ///

89.    B&PC §17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...".

90.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

91.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

92.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

93.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs,   . specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

94.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

95.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

96.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

97.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

///

- 23 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

1     98.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent

2  injunction prohibiting Defendants from engaging in the foregoing conduct.

3     99.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total

4  monetary relief sought from Defendants.

5                                    VI.

6                          **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiffs pray:

8     a.    That the Court issue an Order certifying the Classes herein, appointing all named

9  Plaintiffs as representative of all others similarly situated, and appointing all law firms

10 representing all named Plaintiffs as counsel for the members of the Classes;

11 As to the First Cause of Action for Failure to Provide All Paid Rest Periods:

12    b.    For one (1) hour of pay at the regular rate of compensation for each member of

13 the Rest Period Class for each workday that a legal rest period was not provided;

14    c.    For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

15 As to the Second Cause of Action for Violations of Labor Code §203:

16    d.    For recovery as authorized by Labor Code §203;

17 As to the Third Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized

18 Wage Statements:

19    e.    For recovery as authorized by Labor Code §226(e);

20    f.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code

21 §226(e) and/or §226(g);

22 As to the Fourth Cause of Action for Independent Failure to Timely Furnish Accurate Itemized

23 Wage Statements:

24    g.    For recovery as authorized by Labor Code §226(e);

25    h.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code

26 §226(e) and/or §226(g);

27 ///

28 ///

- 24 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

1  As to the Fifth Cause of Action for Penalties Pursuant to Labor Code §2699:

2       i.      For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely

3  independent and apart from other penalties in the Labor Code and for Labor Code violations

4  without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay

5  period for each violation, and $200 for each aggrieved employee per pay period for each

6  subsequent violation;

7       j.      For civil penalties pursuant to Labor Code §558, in addition to and entirely

8  independent and apart from other penalties in the Labor Code, as follows:

9            i    For any initial violation, fifty dollars ($50) for each aggrieved underpaid

10               employee for each pay period for which the employee was underpaid in

11               addition to an amount which is sufficient to recover unpaid wages;

12           ii.  For each subsequent violation, one hundred dollars ($100) for each aggrieved

13               underpaid employee for each pay period for which the employee was

14               underpaid in addition to an amount which is sufficient to recover unpaid

15               wages; and

16           iii. For all unpaid wages, to be paid to the aggrieved employees;

17      k.      For civil penalties under Labor Code §1197.1 (in addition to and entirely

18  independent and apart from any other penalty provided in the Labor Code), for each violation of

19  Labor Code §1197, in the amount of $100 for each aggrieved employee per pay period for each

20  violation and $250 for each aggrieved employee per pay period for each subsequent violation;

21      l.      For civil penalties under Labor Code §210, in addition to and entirely independent

22  and apart from other penalties in the Labor Code, in the amount of $100 for each aggrieved

23  employee per pay period for each violation, and $200 for each aggrieved employee per pay

24  period for each subsequent violation;

25      m.     For civil penalties per Labor Code §226.3, in addition to and entirely independent

26  and apart from other penalties in the Labor Code, in the amount of $250 for each aggrieved

27  employee per pay period for each violation, and $1,000 for each aggrieved employee per pay

28  period for each subsequent violation;

- 25 -

1        n.      For civil penalties per Labor Code §§203 and/or 256, in addition to and entirely

2  independent and apart from other penalties in the Labor Code, in the amount of one day of pay,

3  at the same rate, for each day that an aggrieved employee was paid late, at the time of

4  termination, until payment was/is made, up to a maximum of thirty (30) days;

5        o.      For pre-judgment interest on all amounts recovered herein pursuant to Labor

6  Code §218.6, Labor Code §1194(a) and/or CC §3287;

7        p.      For reasonable attorneys' fees and costs incurred pursuant to Labor Code

8  §§2699(g)(1) and any other applicable statute; and

9        q.      For such relief as this Court may deem just and proper, including reasonable

10  attorneys' fees and costs incurred;

11  As to the Sixth Cause of Action for Unfair Business Practices:

12        r.      For an accounting, under administration of Plaintiffs and/or the receiver and

13  subject to Court review, to determine the amount to be returned by Defendants, and the amounts

14  to be refunded to members of the Classes who are owed monies by Defendants;

15        s.      For an Order requiring Defendants to identify each of the members of the Classes

16  by name, home address, home telephone number and, if available, email address;

17        t.      For an Order requiring Defendants to make full restitution and payment pursuant

18  to California law;

19        u.      For an Order for a preliminary and/or permanent injunction prohibiting

20  Defendants from engaging in the acts complained of herein;

21        v.      For the creation of an administrative process wherein each injured member of the

22  Classes may submit a claim in order to receive his/her money;

23        w.     For all other appropriate injunctive, declaratory and equitable relief;

24        x.      For interest to the extent permitted by law;

25        y.      For an award of attorneys' fees and costs incurred in the investigation, filing and

26  prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194

27  and/or any other applicable provision of law;

28  ///

- 26 -

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT

<u>As to All Causes of Action:</u>

z.     For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: January 7, 2019            LAW OFFICES OF KEVIN T. BARNES

By: _____
                   Kevin T. Barnes, Esq.
                   Gregg Lander, Esq.
                   Attorneys for Plaintiffs

CAHILIG V. IKEA U.S. RETAIL, LLC - COMPLAINT