DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
SARAH ZENEWICZ, CA Bar No. 258068
sarah.zenewicz@ogletree.com
SEAN M. KRAMER, CA Bar No. 293850
sean.kramer@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
IKEA US RETAIL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-01182-CJC (ASx)<br><br>**DECLARATION OF SARAH ZENEWICZ IN SUPPORT OF DEFENDANT IKEA US RETAIL LLC'S *EX PARTE* MOTION TO STRIKE STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER THEREON**<br><br>Date:          July 30, 2019<br>Judge:        Hon. Cormac J. Carney<br>Ctrm:         7C<br><br>Complaint Filed:   January 10, 2019<br>Trial Date:          April 7, 2020 |

ZENEWICZ DECLARATION ISO IKEA US RETAIL LLC'S *EX PARTE* MOTION TO STRIKE
STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER THEREON

I, Sarah Zenewicz, declare as follows:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and I am a member of the State Bar of California.  I am an attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., attorneys of record for Defendant IKEA US Retail LLC ("Defendant").  I make this Declaration in Support of Defendant's *Ex Parte* Motion to Strike Stipulation Regarding Privacy Notice and Vacate Order Thereon.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify, I could and would competently do so under oath.

2.      Between June 4 and July 3, 2019, I negotiated a Stipulation for the distribution of a pre-certification privacy notice to a sample of putative class members with Plaintiff's counsel Gregg Lander.

3.      On June 28, 2019, Mr. Lander proposed that Defendant agree to produce "personal email addresses, to the extent any personal email addresses are maintained by IKEA in the usual course of business."  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's June 28, 2019 draft stipulation.

4.      On July 3, 2019, I sent an email to Mr. Lander expressly rejecting Plaintiff's proposal for IKEA to produce email addresses "maintained by IKEA in the usual course of business" in Plaintiff's June 28, 2019 stipulation, and made a counter-proposal for Defendant to produce "personal email addresses, to the extent any personal email addresses are maintained with IKEA's personnel records in the usual course of business."  A true and correct copy of my response to Mr. Lander is attached hereto as **Exhibit B** and a true and correct copy of Defendant's July 3, 2019 draft stipulation is attached hereto as **Exhibit C**.  In my cover email, I told Plaintiff's counsel, "Once our changes are accepted, you have my permission to add my e-signature and file."  This is the only version of the Stipulation that I ever approved

///

ZENEWICZ DECLARATION ISO IKEA US RETAIL LLC'S *EX PARTE* MOTION TO STRIKE STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER THEREON

1   for my signature and this is the only email I ever sent regarding my approval of the

2   Stipulation.

3          5.      In a separate email to Mr. Lander on July 3, 2019, I informed him that I

4   would be "out of the office next week and through July 17."

5          6.      Mr. Lander did not respond to my July 3, 2019 email until July 11,

6   2019.  At that time, I was traveling internationally and had limited access to email.

7   Mr. Lander sent an email stating that "I have accepted your proposed changes" and

8   informing me that he would file the Stipulation the following Monday.  A true and

9   correct copy of Mr. Lander's July 11, 2019 email is attached hereto as **Exhibit D**.

10         7.      When I read Mr. Lander's July 11, 2019 email, I assumed that when he

11  said he had accepted my changes that it meant that Plaintiff would file the same

12  version of the stipulation that I transmitted on July 3, 2019.  I had no reason to

13  believe that Plaintiff had materially changed the stipulation to a version I had

14  previously rejected and added my signature to it.  Because I was traveling

15  internationally and only had limited internet access through my phone, I was unable

16  to review the three attachments to Mr. Lander's email.

17         8.      Despite representing in his cover email that he had accepted

18  Defendant's proposed changes, the stipulation attached to Mr. Lander's July 11,

19  2019 email was the same as Plaintiff's June 28, 2019 version, which I had previously

20  rejected.  Attached hereto as **Exhibit E** is a true and correct copy of the stipulation

21  attached to Mr. Lander's July 11, 2019 email.

22         9.      Mr. Lander would have received an out-of-office message from me in

23  response stating, "I will be out of the office and traveling through July 17, 2019.  My

24  responses to emails will be delayed during this time."  I did not send a reply to Mr.

25  Lander's July 11, 2019 while I was out of the office.

26  ///

27  ///

28
                                    2                    Case No. 2:19-cv-01182-CJC (ASx)
        ZENEWICZ DECLARATION ISO IKEA US RETAIL LLC'S *EX PARTE* MOTION TO
        STRIKE STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER
                                   THEREON

10.    Plaintiff filed the July 11, 2019 version of the stipulation on July 15, 2019.  At no time did I consent to the addition of my e-signature to the version of the Stipulation filed by Plaintiff's counsel on July 15, 2019.

11.    Attached hereto as **Exhibit F** is a true and correct copy of emails sent by Mr. Lander on July 23, 2019, in which he threatens to move *ex parte* and for sanctions against Defendant if Defendant does not "provide a declaration under penalty of perjury stating that it does not collect or maintain any employee email addresses in the usual course of business" by Friday, July 26, 2019, at 2 p.m.

12.    On July 26, 2019, while preparing a response to Plaintiff's demand for a declaration from Defendant that it does not store any email addresses "in the usual course of business," I discovered that the as-filed Stipulation was not the Stipulation that I had approved for my signature and filing.  I immediately contacted Mr. Lander alerting him to the discrepancy between the Stipulation that I approved and the one that he filed.  A true and correct copy of my email, and the email chain that followed, dated between July 26, 2019, and July 29, 2019, is attached hereto as **Exhibit G**.

13.    In response to an email from Mr. Lander in which he claimed that when he "accepted" the changes proposed by Defendant on July 3, 2019, "the resulting version is the version we submitted in good faith to the Court as our understanding of the stipulation of the parties" (Ex. G at 5), I tested the file.  Specifically, I tested my July 3, 2019 version of the Stipulation in Microsoft Word to see if clicking the "accept changes" button would result in the Stipulation filed by Plaintiff's counsel, as Plaintiff's counsel claimed.  None of my tests resulted in the Stipulation filed by Plaintiff's counsel.

14.    Attached hereto as **Exhibit H** is a true and correct copy of the draft Stipulation and [Proposed] Order Regarding Correction of Stipulation on Privacy Notice that I proposed to Mr. Lander on July 26, 2019.  I prepared this after Mr.

///

ZENEWICZ DECLARATION ISO IKEA US RETAIL LLC'S *EX PARTE* MOTION TO STRIKE STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER THEREON

Lander rejected my requests for Plaintiff to propose a joint filing to correct the record.

15.     On July 29, 2019, Mr. Lander emailed a proposal to leave the improperly filed Stipulation in the record. Ex. G at 2. In this email, Plaintiff again sought to enforce the terms of the improperly filed stipulation by demanding that Defendant provide a declaration that "Ikea does not keep putative class member email addresses in the ordinary course of business."

16.     On July 29, 2019, at 4:30 p.m., I attempted to provide Gregg Lander with oral notice of Defendant's *ex parte* Motion. After providing my name and the name of the case about which I was calling, and after a brief period on hold, the receptionist at the Law Offices of Kevin T. Barnes informed me that Mr. Lander was not picking up my call. I requested to leave a voicemail message and was put on hold for over five minutes before the call dropped.

17.     I informed Plaintiff's counsel, Kevin Barnes and Gregg Lander, from the Law Offices of Kevin T. Barnes, 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, (323) 549-9100, barnes@kbarnes.com and lander@kbarnes.com, and Raphael A. Katri, at the Law Offices of Raphael A. Katri, 8549 Wilshire Boulevard, Suite 200, Beverly Hills, CA 90211-3104, (310) 940-2034, rkatri@socallaborlawyers.com, that Defendant would seek ex parte relief from this Court via email coon July 29, 2019. Ex. G at 1-2.

18.     Plaintiff's counsel responded to my email notice and represented via email that he would oppose the Motion. Ex. G at 1.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 30th day of July, 2019, in San Francisco, California.

_____
Sarah Zenewicz

4                   Case No. 2:19-cv-01182-CJC (ASx)

ZENEWICZ DECLARATION ISO IKEA US RETAIL LLC'S *EX PARTE* MOTION TO STRIKE STIPULATION REGARDING PRIVACY NOTICE AND VACATE ORDER THEREON

# EXHIBIT A

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
9  Attorneys for Plaintiff ALLYZA CAHILIG,
   on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated, <br><br>     Plaintiffs, <br><br>     v. <br><br> IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, <br><br>     Defendants. | **CLASS ACTION** <br><br> Case No.: 2:19-cv-01182-CJC (ASx) <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE** <br><br> Honorable Cormac J. Carney <br><br> Action filed: January 10, 2019 <br> Trial Date: April 7, 2020 |

## STIPULATION RE: PRIVACY NOTICE

Plaintiff Allyza Cahilig ("Plaintiff") and Defendant IKEA U.S. Retail, LLC ("Defendants") (collectively, "the Parties"), stipulate and agree as follows:

WHEREAS, on January 10, 2019, Plaintiff filed a putative class action lawsuit against Defendant alleging that Defendant did not provide rest periods, did not timely pay all wages upon termination of employment, did not provide accurate itemized wage statements and violated the California Unfair Competition Law and seeking penalties under California's Private Attorneys General Act;

WHEREAS, Plaintiff seeks to represent a putative class of Defendant's

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

current and former non-exempt employees in California during the period January 10, 2015 through the present;

WHEREAS, on March 28, 2019, Plaintiff served Defendant with an interrogatory requesting Defendant to identify all members of the putative class;

WHEREAS, on May 23, 2019, Defendant objected to the disclosure of the contact information for the putative class members based on, among other things, third-party privacy rights, but agreed to meet and confer regarding a *Belaire-West* Notice;

WHEREAS, the Parties have met and conferred and agreed to the *Belaire-West* privacy notice and the prepaid return postcard attached hereto as Exhibit 1 ("*Belaire-West* Packet") and distribution on the terms stated below; and,

WHEREAS, the Parties seek the Court's approval of the proposed *Belaire-West* Packet and *Belaire-West* privacy notice process set forth herein.

NOW THEREFORE, the Parties stipulate and agree as follows:

1.     The Parties agree to the *Belaire-West* Packet attached as Exhibit 1 for distribution to putative class members in accordance with the terms of the below Stipulation and [Proposed] Order.

2.     The Parties agree to the designation of RG/2 Claims Administration, LLC as the Third-Party Administrator ("TPA") responsible for, among other things, distributing a privacy notice in accordance with the terms of this Stipulation and the attached Order.  Plaintiff will pay all fees and costs of the administration and mailing.

3.     Within 5 days of the Court's signature on the attached Order and after the TPA executes Exhibit A to the  Stipulated Protective Order as filed by the Parties, Defendant will provide the TPA with a sample (i.e., every Xth name on an alphabetical list) of 20% of the putative class members (hourly-paid non-exempt employees employed by Defendant in California at any time from January 10, 2015 to present), including the name, last known residence address, last known

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

7

residence and mobile telephone numbers, job titles held during the relevant period, by date, ~~and~~ the store at which each worked during the relevant period, by date, and personal email addresses, to the extent any personal email addresses are maintained ~~in~~by IKEA~~'s~~ ~~central human resources database~~in the usual course of business.

4.      The TPA will immediately run the addresses through a National Change of Address search, format the agreed-upon *Belaire-West* Packet and will circulate to the Parties for approval. The TPA will then mail the *Belaire-West* Packet to all putative class members via U.S. mail.  Any undeliverable notices will be skip-traced by the TPA, and if possible, remailed.  If the TPA receives any returned envelopes with forwarding addresses, the TPA will forward the *Belaire-West* Packet to the new address.

5.      The putative class members shall have 30 days from the date of mailing of the court-approved *Belaire-West* Packet within which to opt-out from having their contact information produced to Plaintiff by either (1) sending an email to the TPA as described in the *Belaire-West* Packet or (2) depositing the return prepaid postcard in the U.S. Mail.  Any putative class member who, within the 30-day opt-out period, opts out of the disclosure by returning the opt-out form or by otherwise emailing the TPA that the putative class member wishes to have his/her information maintained as private shall not have his/her contact or other information disclosed to Plaintiff's counsel.

6.      Any opt-out postcard postmarked within the 30-day opt-out period and received by the TPA within 5 business days from the end of the 30-day opt-out period shall be deemed a valid objection by said putative class member to the disclosure of his or her contact information to Plaintiff's counsel.

7.      No less than 2 business days after the close of the opt-out period and the 5 business day period for the TPA to receive opt-out postcards described in paragraph 6 of this Stipulation, the TPA shall send Plaintiff's counsel a list setting

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 3 -
**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

8

forth the contact information for all putative class members who did not timely object to the disclosure of said contact information.  On the same date, the TPA also shall send Defendant's counsel a list of all putative class members who timely objected to the release of their contact information. The TPA will advise Plaintiff's counsel of the number of putative class members who timely objected to the release of their contact information.

8.      If there are any concerns regarding any particular opt-out, the TPA will so advise the Parties of the situation and the Parties will work together in good faith to resolve any issues, or if no such resolution can be reached, shall bring the matter to the attention of the Court.

9.      The Parties agree that the class list, in any format, shall be confidential pursuant to the Parties' Stipulated Protective Order.  This includes the class list as provided by Defendant to the TPA and the class list as provided by the TPA to the Plaintiff following the conclusion of the opt-out process.  The class list may not be used for any purpose outside of the litigation, nor can it be used for solicitation.

10.     The Parties agree that any information pertaining to the putative class members shall be provided to the TPA only upon the TPA's agreement to abide by the terms of the Stipulated Protective Order entered by the Court in this action. The TPA shall execute the Acknowledgment and Agreement to Be Bound (which is attached as Exhibit A to the Stipulated Protective Order) prior to any disclosure of putative class member to the TPA.  The TPA shall not disclose any such information to Plaintiff or her counsel except as expressly authorized in this Stipulation, and only after the close of the opt-out period as further set forth below.

11.     The Parties agree that if the date by which any term of this Stipulation and Request is to be performed falls on a Saturday, Sunday, or legal holiday in the State of California, then the date by which any such term must be performed shall be the next following day which is not a Saturday,

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90086-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 4 -
**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

9

1  //

2  //

3  Sunday, or legal holiday in the

4  ///

5  State of California.;

6  **IT IS SO STIPULATED.**

7  Dated: June ___, 2019          LAW OFFICES OF KEVIN T. BARNES

8

9

10                              By: _____

11                                   Kevin T. Barnes, Esq.
                                     Gregg Lander, Esq.

12                                   Attorneys for Plaintiffs

13  Dated: June ___, 2019          OGLETREE, DEAKINS, NASH,

14                                 SMOAK & STEWART, P.C.

15

16                              By:_____

17                                   Douglas J. Farmer, Esq.
                                     Sarah Zenewicz, Esq.

18                                   Sean Kramer, Esq.

19                                   Attorneys for Defendant

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90006-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 2:19-cv-01182-CJC (ASx) <br><br> **[PROPOSED] ORDER RE: STIPULATION REGARDING PRIVACY NOTICE** <br><br> Honorable Cormac J. Carney <br><br> Action filed: January 10, 2019 <br> Trial Date: April 7, 2020 |

## [PROPOSED] ORDER RE: STIPULATION RE: PRIVACY NOTICE

The Parties have entered a Stipulation regarding a Privacy Notice, and have provided the proposed *Belaire-West* Packet with a stipulated procedure for conducting the privacy mailing.  Good cause having been shown therefore, IT IS ORDERED THAT:

1.     The proposed *Belaire-West* Packet , attached as Exhibit 1 to the Parties' Stipulation, is approved.

///

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90026-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**ORDER RE: STIPULATION REGARDING PRIVACY NOTICE**

2.    The mailing procedures in the Parties' Stipulation re: Privacy Notice are approved.

Dated: _____        _____

                                      Honorable Cormac J. Carney
                                        Judge of the District Court

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90016-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
   Attorneys for Plaintiff ALLYZA CAHILIG,
9  on behalf of herself and all others similarly situated

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12  ALLYZA CAHILIG, on behalf   )   **CLASS ACTION**
    of herself and all others similarly )
13  situated,                    )   Case No.: 2:19-cv-01182-CJC (ASx)
                                 )
14         Plaintiffs,           )   **PROOF OF SERVICE**
                                 )
15         v.                    )   Honorable Cormac J. Carney
                                 )
16  IKEA U.S. RETAIL, LLC, a     )   Action filed: January 10, 2019
    Virginia limited liability   )   Trial Date: None Set
17  company; and DOES 1 to 100,  )
    inclusive,                   )
18                               )
           Defendants.           )
19  _____)

20  ///

21  ///

22  ///

23

24

25

26

27

28

Kevin T. Barnes
1635 Pontius
avenue,
Second floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

13

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE**

on the interested parties in this action, addressed as follows:

| *Attorneys for Defendant:* | *Attorneys for Plaintiff:* |
|---|---|
| Douglas J. Farmer, Esq. | Raphael A. Katri, Esq. |
| Sarah Zenewicz, Esq. | LAW OFFICES OF RAPHAEL A. KATRI |
| OGLETREE, DEAKINS, NASH, | 8549 Wilshire Boulevard, Suite 200 |
| SMOAK & STEWART, P.C. | Beverly Hills, CA 90211-3104 |
| One Market Plaza, Suite 1300 | Tel.: (310) 940-2034 |
| San Francisco, CA 94105 | Fax: (310) 733-5644 |
| Tel.: (415) 442-4810 | RKatri@socallaborlawyers.com |
| Fax: (415) 442-4870 | |
| Douglas.Farmer@ogletree.com | |

using the following service method(s):

___**X**__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **June ___, 2019**, at Los Angeles, California.

_____
**Cindy Rivas**

39039486.2

39039486.6

Kevin T. Barnes
1635 Pontius
avenue,
Second floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 2 -
PROOF OF SERVICE

14

# EXHIBIT B

## Zenewicz, Sarah

| | |
|---|---|
| **From:** | Zenewicz, Sarah |
| **Sent:** | Wednesday, July 3, 2019 10:43 AM |
| **To:** | 'Gregg Lander' |
| **Cc:** | Kevin Barnes; RKatri@socallaborlawyers.com; Cindy Rivas; Farmer, Douglas J.; Kramer, Sean M. |
| **Subject:** | RE: Cahilig v. Ikea - Privacy Notice, etc. |
| **Attachments:** | IKEA - 2019-06 - Stip re Privacy Notice.DOC |

Gregg,

Although I do not agree with your characterizations below regarding the remaining deadlines in the case because your requested continuance limits the parties' time to complete merits discovery to less than two months, we will not object to your request for 3 weeks for a reply.  We have a conflict with a previously scheduled settlement conference on October 28 and therefore cannot agree to that hearing date.  You have our permission to file with a hearing date of November 4.

Regarding the privacy notice, we just have one edit to the email section.  As I have made clear, IKEA will not be producing email addresses with the class list as IKEA does not store any personal email addresses in connection with its personnel files.  The class list is being prepared from the personnel files stored in its human resources system and those files do not include personal email addresses.  We are not going to agree to expand this to any documents stored in the ordinary course without limitation—if, for example, IKEA happens to have any employee's personal email address in connection with that person also having shopped online with IKEA or to receive email coupons, IKEA is not going to somehow separately try to search for and cross-reference online retail records to find whether it has that employee's personal email address.  Once our changes are accepted, you have my permission to add my e-signature and file.

There is no need to waste the parties time specifically addressing your meritless allegation of prejudice; the record speaks for itself.

We will accept your changes to the stipulated protective order and file.

Regards,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 2, 2019 6:16 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy
Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.
**Importance:** High

Sarah,

I accepted your changes. In addition, now that the certification deadlines are not impacting the remaining case deadlines in the scheduling order, we must insist on 3 weeks for Reply, putting the hearing 10/28/19. Please accept these changes and return a signed stipulation, or your permission for us to add your signature.

If the Stip re privacy notice is acceptable, will you please sign and return? Every day of delay prejudices are ability to file the class cert motion by the current deadline.

If you accepted our changes to PO, you have our permission to sign for Plaintiff and file/serve. Please confirm when that is happening.

I am out of the office after today so if we have not reached agreement, we'll have to handle this via ex parte next week, and we will seek a different set conditions that those stipulated to.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Monday, July 1, 2019 1:49 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Gregg,

We looked again at the scheduling order to confirm the dates in your proposed stipulation regarding the class certification deadlines and see that you have put the class certification hearing deadline (August 12) as plaintiff's motion filing deadline.  As a result, the proposed dates would result in an approximately 120 day extension of the hearing deadline.  We cannot agree to the stipulation and dates as previously proposed because they misrepresent the current case deadlines and because we think the Court would find such a lengthy continuance of the hearing deadline to be unwarranted and would jeopardize the remainder of the case schedule.  We have revised the stipulation to reflect a 45-day extension of plaintiff's filing deadline, have included the 4 weeks for an opposition that this agreement is conditioned upon, allowed a full 2 weeks for a reply, and set the hearing for a date that the court is available.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, June 28, 2019 2:01 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Attached are the 3 revised documents.

Re: Stip re Cert, I moved our deadline to file and your deadline to Opp up one day, so we at least have both weekend around our 2 weeks.

Re: PO, I've tried to make it the process easy for all.

Re: privacy notice stip, we should now be in agreement.

Please accept all changes in all 3 docs and send back any redlines else sign and return the Stips and send a final version of PO for our signature.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 27, 2019 1:14 PM

**To:** Gregg Lander <lander@kbarnes.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Hi Gregg,

As we have already told you that IKEA does not maintain personal email addresses in its HR system so IKEA cannot produce them as part of the class list.  However, in light of your persistence on this issue, please see the attached further revision to the stipulation in which we will agree in the stipulation to produce any personal email addresses that are in the central HR database.  Please do not be surprised when you receive a class list from the TPA that there are none.

I am still not understanding the need for a the proposed change to the model protective orders destruction section and it does not only affect plaintiff—IKEA has an important interest in maintaining the confidentiality of its information and the information of third parties.  Please explain why that change is needed or else we can keep the model language.

Regarding the extension, it already is fair.  We have already agreed to give you an additional 45 days to prepare an opposition—nearly seven weeks.  We have asked for double the time to respond to the motion (from 2 weeks to 4) and we have offered plaintiff double the time for a reply (from 1 week to 2).  The 45 day extension is conditioned upon the 4 weeks, so we will not agree to your proposal for less time for the opposition.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Thursday, June 27, 2019 12:56 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Re: emails, as we've requested, we need a declaration from someone who can say that email addresses are not maintained, else it needs to stay in.

Re: PO, I revised to reflect reality, to make the process as simple as possible, as it only burdens Plaintiff. Please reconsider the revisions.

We need more than 2 weeks if you're getting 4, so adjust that to 3 and 3 or something else fair.

Otherwise, I'm out of the office today, but will try to review the docs later today. In the meantime, please respond to these points.

Best,

19

GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 27, 2019 12:11 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Gregg,

Attached please find redlines reflecting our comments.  Regarding the stipulated protective order, we accepted most changes but do not see a reason to change the model order's destruction requirements.  If you have a reason for these changes, please let us know and we will reconsider.  Regarding the extension, as I said in my last email, we can agree to allow 2 weeks for the reply deadline but cannot agree to more because this puts class certification too close to the remaining case deadlines in the scheduling order.  The changes to the Belaire-West stipulation should be self-explanatory.  As I said in a prior email, IKEA's HR system does not collect personal email addresses, so I'm not sure why that was put back into the stipulation, but we removed it to avoid confusion because when we produce a class list it will not include email addresses.

Thanks,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio


**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Wednesday, June 26, 2019 10:28 AM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

5

20

Sarah,

Thanks for your email. Apparently I inadvertently neglected to track changes on the cert briefing Stip – the attached shows the redlines.

Please advise asap.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Wednesday, June 26, 2019 9:07 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Thanks, Gregg.  I will need to confer with my client.  Please note that you did not send all documents in redline.

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 6:38 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Thanks for this. Attached are our revisions to all 3 in redline. Rather than create a clean document and a redline

pdf, please simply accept these changes, and then redline any additional changes, so we're working with a single version of each doc. Can you please return these today or tomorrow at the latest?

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 5:30 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

Our comments to the privacy stipulation, our comments to the extension stipulation and a stipulated protective order based on the Court's model order are all attached for your review.  Regarding your request below for 4 weeks to file the reply, that extension would be excessive in light of the December discovery cut-off because your proposed schedule would require class certification hearing in December at the earliest.  We have proposed two weeks instead.

Please let us know your comments and revisions to the proposed.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 10:53 AM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Baldwin, Melissa E

7

<MBaldwin@rg2claims.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Agreed – I assumed you  would want to specify any additional terms for our review. We would appreciate you getting back to us today on both Stips because we need to get the TPA involved asap so the mailing is expedited.

To that end, I am copying Melissa Baldwin from RG/2 so she is aware of this new project, and attaching the Notice and the Stip in its current form, so she can format and circulate the notice for the parties' review.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 10:38 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Hi Gregg,

The stipulation that you sent for the Belaire West is the same as the one you sent before and does not reflect the parties discussions below and therefore needs to be revised.  I will circulate a revised version as soon as I can as well as comments to your stipulation and order for the class certification deadlines.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 24, 2019 5:36 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

Counsel,

Attached is a draft of the proposed Stip discussed below. Please advise regarding this issues ASAP.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Gregg Lander
**Sent:** Thursday, June 20, 2019 8:22 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

6/20/19

Re: Cahilig v. Ikea

Dear Sarah,

Thanks for your email. This is a lot to digest, but I will do my best to respond to all relevant points.

Plaintiff agrees to a cert filing d/l extension of 45 days, without prejudice to Plaintiff requesting more time if necessary. That would make the cert filing d/l 9/26/19. Cindy of my office will draft a Stip/Order and I will send it to you Monday for your review.

9

24

Plaintiff agrees to Defendant's proposed privacy notice, with the additional minor revisions as redlined in the attached. Please confirm these are acceptable. As soon as this is finalized, I will send to RG/2 to begin the formatting process, and I will copy counsel for all parties on that email. I also re-attach the proposed Stip so you can redline in the points Defendant needs there. Plaintiff will agree to a reasonable protective order so long as it does not delay the privacy mailing.

Under these specific circumstances, Plaintiff will agree to the opt-out via postcard or email, understanding this should not be used as precedent in any future matters.

Plaintiff agrees to opt-out of 30 days for emails and postcards, not 40.

Plaintiff will pay for the mailing, and the parties agree to RG/2.

Plaintiff agrees that the scope of the classes will be determined by Monday's motion.

Defendant must agree to be prepared to provide RG/2 with the mailing list within 1 week of the decision on Monday's motion.

Plaintiff agrees to the proposed fields, so long as Defendant agrees to provide a declaration from someone knowledgeable under penalty of perjury stating that Defendant does not maintain employee email addresses in any capacity in the normal course of business.

Plaintiff will agree to 4 weeks for Opposition if we have 4 weeks for Reply.

Defendant must agree to supplement ROG4/RFPD4 and RFPD2 by 6/28/19, or, if the Court grants the requested extension, by 7/5/19.

Please advise asap if Defendant agrees to these terms. Thank you for your consideration.

Best,
GL

-------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
-------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 20, 2019 2:13 PM

**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We have considered Plaintiff's Belaire-West proposal outlined below and cannot agree to it because it does not adequately protect the privacy interests of the putative class members.  In short, your proposed notice does not adequately inform the putative class members as to the nature of the lawsuit, the information being requested by you, and your proposal does not provide for an adequate opt-out process, including because you have proposed a short 25-day opt-out period (with only 3 additional business days for the TPA to receive opt outs by mail) and only for opt outs by use of a non-prepaid post-card.

However, because we agree that we do not want to engage in a protracted meet and confer process about the notice and in the interest of compromise, Defendant will agree to stipulate to a request to the Court for a 45-day extension to Plaintiff's class certification filing if Plaintiff agrees to the following:

- The Belaire-West notice will be substantially similar to the attached version, subject to revision based on the Court's upcoming ruling on the Motion for Judgment on the Pleadings.

- Putative class members will be permitted to opt out via a pre-paid post card or through email at an address provided by the TPA.  Your prior concerns regarding email opt outs are not well taken; courts regularly permit email opts outs in connection with class action settlements and we have previously had courts approve email opt outs in connection with Belaire-West notices.  *See O'Connor v. Uber Techs., Inc.*, 2019 WL 1437101, at *12 (N.D. Cal. Mar. 29, 2019) ("Class members can opt out of the settlement class by submitting a written request via email or mail to the Settlement Administrator."); *In re Sony PS3 "Other OS" Litig.*, 2017 WL 5598726, at *4 (N.D. Cal. Nov. 21, 2017) ("Any Class Member who wishes to be excluded from the Class must email or mail a written request for exclusion to the Settlement Administrator at the email address or mailing address provided in the Class Notice[.]"); *In re Uber FCRA Litig.*, 2017 WL 2806698, at *2 (N.D. Cal. June 29, 2017) ("Class members may submit claim forms, opt-out, or object by mail, email, or through the settlement website."); *Mirkarimi v. Nevada Prop. 1, LLC*, 2015 WL 5022327, at *6 (S.D. Cal. Aug. 24, 2015) ("As set forth in the Settlement Agreement, any Class member who wishes to opt-out of the Class shall mail, email, or deliver to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement."); *In re High-Tech Employee Antitrust Litig.*, 2014 WL 10520477, at *4 (N.D. Cal. May 16, 2014) ("Class members could opt out of or object to the Settlements by mail or by email."); *Keirsey v. eBay, Inc.*, 2013 WL 5755047, at *6 (N.D. Cal. Oct. 23, 2013) ("The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, by sending an email or mail a letter or postcard to the Settlement Administrator[.]"); *Reed v. 1-800 Contacts, Inc.*, 2013 WL 12073267, at *2 (S.D. Cal. Aug. 29, 2013) ("[A]ny class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out[.]").

- The opt-out period will be 30 days, as originally proposed by Plaintiff.  Any email opt out must be received before the conclusion of the 30-day period.  Any opt-out postcard must be received by the TPA within 40 days from the date of mailing in order to be a valid objection.

- Plaintiff bears the costs of the notice.  Defendant does not object to Plaintiff's use of RG2 Claims Administration as the TPA.

- The scope of the putative class to receive notice is subject to the outcome of the pending Motion for Judgment on the Pleadings.

- Defendant will provide all fields of information requested by plaintiff—name, address, telephone number, job titles and dates, locations and dates—but it cannot provide email addresses as its HRIS system does not capture these.

- Plaintiff will not be provided with the contact list by the TPA until the parties have entered into a stipulated confidential protective order. The contact list will be designated as "CONFIDENTIAL" and may not be used for any purpose outside of the litigation, nor can it be used for solicitation. The TPA will also have to sign an acknowledgement to be bound by the protective order before Defendant can provide the class list to it.

- Defendant will have at least 4 weeks from the filing of Plaintiff's motion for class certification to file an Opposition.

Regarding the other discovery that we have discussed:

Interrogatory No. 4/RFP No. 4 – On our meet and confer call last week, Defendant agreed to produce information and non-privileged documents sufficient to identify any state or federal lawsuits filed against it in California within the five years preceding the filing of the January 10, 2019, complaint in this action that include any of the claims alleged in this case (i.e., rest break violations, 203 violations, inaccurate wage statements). Defendant will produce this information as soon as it's available for production.

RFP No. 2 – Defendant has agreed to search for relevant emails from Plaintiff's supervisors that pertain to Plaintiff and the claims alleged in this case, and any documents kept in Defendant's personnel file databases that were not already produced as part of Plaintiff's personnel file. On the call, we noted once again that RFP No. 2 is overbroad and invited you to identify any other categories of documents for Defendant's search; you did not and therefore our search will be limited to the foregoing. If there are other, specific categories of documents that Plaintiff would like to meet and confer about for a search, then please identify them.

Your emails below mischaracterize the parties' meet and confer efforts and our positions in many material respects. However, we do not think it is a good use of the parties time to go through point by point and the above should suffice to address our positions.

Please do not hesitate to ask if you have questions regarding the Belaire-West proposal above. I am available to meet and confer by phone.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 18, 2019 7:09 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

6/18/19

Re: Cahilig v. Ikea – M&C re Privacy Notice

Sarah,

Thanks for your email. Our concern has been and remains that at present there is simply not time for any protracted meet and confer, especially given what you have communicated thus far as Defendant's position regarding the requested privacy notice. Therefore, in addition to the class cert deadline extension we have already discussed*, this is a final attempt to informally resolve this issue, which we believe includes many concessions we would not otherwise make if the case was not in its current posture.

* During our 6/12/19 call, I proposed and you all but rejected a 3 month extension, and you also suggested Defendant would readily agree to 3 weeks. For now, I propose an approximate 30 day extension, to 9/16/19, without prejudice to requesting more time if the situation requires it. Please advise asap if this is agreeable, and I will send you a Stip/Order regarding that deadline specifically.

To informally resolve SROG1 nos. 2-3, we propose the following compromise (without prejudice to the option to later request more info if needed): Plaintiff will agree to a privacy notice that goes to only a randomly selected 20% of the putative class. Further, Plaintiff will agree to wait until Defendant's 6/24/19 motion to determine whether the case is a 1 or 4 year statute. Finally, Plaintiff will agree to only send to 20% of the group of whichever statute (1 or 4 year) applies. In addition, Plaintiff will also agree to pay the entire cost of the mailing. The other mailing terms we have proposed will also apply.

I attach a proposed Stip for your review, and also re-attach the proposed privacy notice.

I'm out of the office on Friday so please advise by 3pm on Thursday (6/20/19) if this offer is acceptable. Otherwise, we see no choice but to move to compel, and concurrently apply ex parte for an extension of our class cert filing deadline.

Thank you for your consideration.

Best, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 18, 2019 2:31 PM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We're working on a response to your email below but due to a hearing and other previously scheduled client commitments I will not be able to respond by your 4pm deadline.  Please be assured that we'll be responding in due course.

Regards,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 17, 2019 2:52 PM
**To:** Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; Gregg Lander <lander@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

6/17/19

Re: Cahilig v. Ikea – M&C re ROG1/RFPD1

Counsel,

Thank you for meeting and conferring with Plaintiff by telephone on 6/12/19. This attempts to memorialize the agreement we made regarding Interrogatory no. 4 and RFPD no. 4 – please immediately advise if there is anything incorrect here. Defendant has agreed to provide information/documents regarding all state and federal actions within the five years preceding the filing of the January 10, 2019 complaint in this action, that include any of the claims in this case. Defendant also agreed to further inspect and inquire regarding documents potentially responsive to RFPD no. 2, including but not limited to emails regarding Plaintiff from supervisory personnel, and any documents kept in Defendant's personnel file respositories or the like.

This is also Plaintiff's further attempt to meet and confer in good faith under Local Rule 7-3, regarding Plaintiff's contemplated Motion to Compel further responses to Plaintiff's Interrogatories nos. 2 and 3, about which the parties appear to be at an impasse. As explained in my 6/4/19 correspondence, and again in our 6/12/19 phone conversation, Defendant's refusal to produce class member contact information until after the ruling on Defendant's Motion for Judgment on the Pleadings is unreasonable and unnecessary. Plaintiff's Motion for Class Certification is due on August 12, 2019. Consequently, the privacy notice must be sent as soon

as possible to allow Plaintiff time to gather certification evidence. If Defendant will not stipulate to continue the class certification deadlines, then Plaintiff has no choice but to seek the Court's assistance in compelling the production of this crucial evidence.

In addition, during our 6/12/19 conference, you represented that Defendant will not agree to the standard opt-out privacy notice that is routinely and consistently approved in state and federal courts. You also represented that Defendant will not agree to a privacy notice that does not include an email response option. Again, Defendant's position is unreasonable.

The *Belaire-West* privacy notice procedure is purposefully designed to require effort on the part of any putative class member who wishes to opt out of participating in discovery. See *Puerto v. Superior Court* 158 Cal.App.4th 1242, 1256 (2008) (declining to "unnecessarily hamstring" the class representatives "in their conduct of legitimate discovery by making their statutory entitlement to percipient witness discovery entirely dependent on the unreviewable decision of third parties whether they are interested in participating"); *Aldapa v. Fowler Packing Company Inc.,* 310 F.R.D. 583, 588 (E.D. Cal. 2015) (declining opt-in privacy notice because "common sense suggests that 'opt-in' responses will be artificially low due to recipients having little desire to put forth the effort to respond"). Specifically, a process that allows the path of least resistance to thwart a class representative's discovery rights is prohibited. *Puerto,* 158 Cal.App.4th at 1257 (criticizing process whereby the "easiest course … is interpreted as denial of consent" for disclosure of contact information).

Moreover, case law makes clear that a putative class member's opt-out must be registered by "written objection." E.g., *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal.4th 360, 374–375 (2007) (requiring a "written objection" to disclosure); *Salgado v. O'Lakes,* No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *4 (E.D. Cal., Dec. 18, 2014) (same). This requirement reduces inaccuracies and prevents fraudulent opt-outs. Written objections obviate the need to authenticate electronic signatures under Civil Code section 1633.9. See *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal.App.4th 836, 843 (2014).

In short, relevant authority provides for an opt-out notice, and there is no authority allowing for electronic option. Accordingly, we are confident that the Court will agree that any new procedure that places unnecessary barriers in Plaintiff's path and/or allows for inauthentic objections is not warranted.

Accordingly, please advise by 4:00 p.m. on Tuesday, June 18, 2019, if Defendant will either 1) agree to a continuance of the class certification deadline, or 2) agree to immediately send a privacy notice for all putative class members using the following procedures:

Defendant will, by the close of business on June 24, 2019, provide a list in Excel or comparable electronic format of the name, last known residence address, last known residence telephone number and last known email address (if Defendant retains them, and if not, please provide a declaration to that effect), all job titles held, by date, and the facility at which each worked, by date of all putative class members (all Defendant's hourly-paid California employees since January 5, 2015. The TPA will run the addresses through a National Change of Address search. The TPA will format the Notice and will circulate it and the opt-out postcard to the parties for approval. The TPA will then mail the Notice and postcard in an envelope to all class members. Any undeliverable notices will be skip-traced and if possible, remailed. At the end of a 25-day period (+ 5 additional business days to receive any opt-outs that were mailed at the end of the opt-out period), the TPA will provide to Plaintiff's counsel the list and contact information for those class members who did not object to disclosure. If there are any concerns regarding any particular opt-out, the TPA will so advise the parties of the situation and the parties will work together in good faith to resolve any issues. We propose RG2 Claims Administration, LLC, as the TPA, and Plaintiff will split the cost of the mailing 50/50 with Defendant.

If Defendant will not agree to either of these options, Plaintiff will have no choice but to move to compel.

15

We look forward to hearing back from you as requested, and appreciate your time and consideration.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

# EXHIBIT C

exKevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive,<br><br>             Defendants. | **CLASS ACTION**<br><br>Case No.: 2:19-cv-01182-CJC (ASx)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE**<br><br>Honorable Cormac J. Carney<br><br>Action filed: January 10, 2019<br>Trial Date: April 7, 2020 |

## STIPULATION RE: PRIVACY NOTICE

Plaintiff Allyza Cahilig ("Plaintiff") and Defendant IKEA U.S. Retail, LLC ("Defendants") (collectively, "the Parties"), stipulate and agree as follows:

WHEREAS, on January 10, 2019, Plaintiff filed a putative class action lawsuit against Defendant alleging that Defendant did not provide rest periods, did not timely pay all wages upon termination of employment, did not provide accurate itemized wage statements and violated the California Unfair Competition Law and seeking penalties under California's Private Attorneys General Act;

WHEREAS, Plaintiff seeks to represent a putative class of Defendant's

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

current and former non-exempt employees in California during the period January 10, 2015 through the present;

WHEREAS, on March 28, 2019, Plaintiff served Defendant with an interrogatory requesting Defendant to identify all members of the putative class;

WHEREAS, on May 23, 2019, Defendant objected to the disclosure of the contact information for the putative class members based on, among other things, third-party privacy rights, but agreed to meet and confer regarding a *Belaire-West* Notice;

WHEREAS, the Parties have met and conferred and agreed to the *Belaire-West* privacy notice and the prepaid return postcard attached hereto as Exhibit 1 ("*Belaire-West* Packet") and distribution on the terms stated below; and,

WHEREAS, the Parties seek the Court's approval of the proposed *Belaire-West* Packet and *Belaire-West* privacy notice process set forth herein.

NOW THEREFORE, the Parties stipulate and agree as follows:

1.     The Parties agree to the *Belaire-West* Packet attached as Exhibit 1 for distribution to putative class members in accordance with the terms of the below Stipulation and [Proposed] Order.

2.     The Parties agree to the designation of RG/2 Claims Administration, LLC as the Third-Party Administrator ("TPA") responsible for, among other things, distributing a privacy notice in accordance with the terms of this Stipulation and the attached Order.  Plaintiff will pay all fees and costs of the administration and mailing.

3.     Within 5 days of the Court's signature on the attached Order and after the TPA executes Exhibit A to the  Stipulated Protective Order as filed by the Parties, Defendant will provide the TPA with a sample (i.e., every Xth name on an alphabetical list) of 20% of the putative class members (hourly-paid non-exempt employees employed by Defendant in California at any time from January 10, 2015 to present), including the name, last known residence address, last known

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5644
TEL: (323) 549-9100
FAX: (323) 549-0101

- 2 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

residence and mobile telephone numbers, job titles held during the relevant period, by date, ~~and~~ the store at which each worked during the relevant period, by date, and personal email addresses, to the extent any personal email addresses are maintained ~~in~~ with~~by~~ IKEA's personnel records~~'s~~ ~~central human resources database~~ in the usual course of business.

4. The TPA will immediately run the addresses through a National Change of Address search, format the agreed-upon *Belaire-West* Packet and will circulate to the Parties for approval. The TPA will then mail the *Belaire-West* Packet to all putative class members via U.S. mail. Any undeliverable notices will be skip-traced by the TPA, and if possible, remailed. If the TPA receives any returned envelopes with forwarding addresses, the TPA will forward the *Belaire-West* Packet to the new address.

5. The putative class members shall have 30 days from the date of mailing of the court-approved *Belaire-West* Packet within which to opt-out from having their contact information produced to Plaintiff by either (1) sending an email to the TPA as described in the *Belaire-West* Packet or (2) depositing the return prepaid postcard in the U.S. Mail. Any putative class member who, within the 30-day opt-out period, opts out of the disclosure by returning the opt-out form or by otherwise emailing the TPA that the putative class member wishes to have his/her information maintained as private shall not have his/her contact or other information disclosed to Plaintiff's counsel.

6. Any opt-out postcard postmarked within the 30-day opt-out period and received by the TPA within 5 business days from the end of the 30-day opt-out period shall be deemed a valid objection by said putative class member to the disclosure of his or her contact information to Plaintiff's counsel.

7. No less than 2 business days after the close of the opt-out period and the 5 business day period for the TPA to receive opt-out postcards described in paragraph 6 of this Stipulation, the TPA shall send Plaintiff's counsel a list setting

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101

forth the contact information for all putative class members who did not timely object to the disclosure of said contact information.  On the same date, the TPA also shall send Defendant's counsel a list of all putative class members who timely objected to the release of their contact information. The TPA will advise Plaintiff's counsel of the number of putative class members who timely objected to the release of their contact information.

8.      If there are any concerns regarding any particular opt-out, the TPA will so advise the Parties of the situation and the Parties will work together in good faith to resolve any issues, or if no such resolution can be reached, shall bring the matter to the attention of the Court.

9.      The Parties agree that the class list, in any format, shall be confidential pursuant to the Parties' Stipulated Protective Order.  This includes the class list as provided by Defendant to the TPA and the class list as provided by the TPA to the Plaintiff following the conclusion of the opt-out process.  The class list may not be used for any purpose outside of the litigation, nor can it be used for solicitation.

10.      The Parties agree that any information pertaining to the putative class members shall be provided to the TPA only upon the TPA's agreement to abide by the terms of the Stipulated Protective Order entered by the Court in this action. The TPA shall execute the Acknowledgment and Agreement to Be Bound (which is attached as Exhibit A to the Stipulated Protective Order) prior to any disclosure of putative class member to the TPA.  The TPA shall not disclose any such information to Plaintiff or her counsel except as expressly authorized in this Stipulation, and only after the close of the opt-out period as further set forth below.

11.      The Parties agree that if the date by which any term of this Stipulation and Request is to be performed falls on a Saturday, Sunday, or legal holiday in the State of California, then the date by which any such term must be performed shall be the next following day which is not a Saturday,

- 4 -
**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

1  //

2  //

3  Sunday, or legal holiday in the

4  ///

5  State of California.:

6  **IT IS SO STIPULATED.**

7  Dated: June ___, 2019          LAW OFFICES OF KEVIN T. BARNES

8

9

10                                By: _____

11                                    Kevin T. Barnes, Esq.
                                       Gregg Lander, Esq.
12                                    Attorneys for Plaintiffs

13  Dated: June ___, 2019          OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.
14

15

16                                By: _____

17                                    Douglas J. Farmer, Esq.
                                       Sarah Zenewicz, Esq.
18                                    Sean Kramer, Esq.
                                       Attorneys for Defendant
19

20

21

22

23

24

25

26

27

28

Kevin T. Barnes
1635 Pontius
avenue,
second floor
Los Angeles, CA
90036-5644
Tel. (323) 549-9100
Fax. (323) 549-0101

- 5 -
**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated, | **CLASS ACTION** |
| Plaintiffs, | Case No.: 2:19-cv-01182-CJC (ASx) |
| v. | **[PROPOSED] ORDER RE: STIPULATION REGARDING PRIVACY NOTICE** |
| IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, | Honorable Cormac J. Carney |
| Defendants. | Action filed: January 10, 2019<br>Trial Date: April 7, 2020 |

## [PROPOSED] ORDER RE: STIPULATION RE: PRIVACY NOTICE

The Parties have entered a Stipulation regarding a Privacy Notice, and have provided the proposed *Belaire-West* Packet with a stipulated procedure for conducting the privacy mailing.  Good cause having been shown therefore, IT IS ORDERED THAT:

1.     The proposed *Belaire-West* Packet , attached as Exhibit 1 to the Parties' Stipulation, is approved.

///

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

ORDER RE: STIPULATION REGARDING PRIVACY NOTICE

2.      The mailing procedures in the Parties' Stipulation re: Privacy Notice are approved.

Dated: _____          _____

Honorable Cormac J. Carney
Judge of the District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEVIN T. BARNES
16TH POWERS
AND MEI.
SECONDS FOR
LOS ANGELES, CA
90036-5614
TEL. (323) 549-9100
FAX: (323) 549-0101

- 2 -

**ORDER RE: STIPULATION REGARDING PRIVACY NOTICE**

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
   Attorneys for Plaintiff ALLYZA CAHILIG,
9  on behalf of herself and all others similarly situated

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  ALLYZA CAHILIG, on behalf          )   **CLASS ACTION**
    of herself and all others similarly )
13  situated,                           )   Case No.: 2:19-cv-01182-CJC (ASx)
                                        )
14          Plaintiffs,                 )   **PROOF OF SERVICE**
                                        )
15      v.                              )   Honorable Cormac J. Carney
                                        )
16  IKEA U.S. RETAIL, LLC, a            )   Action filed: January 10, 2019
    Virginia limited liability          )   Trial Date: None Set
17  company; and DOES 1 to 100,         )
    inclusive,                          )
18                                      )
            Defendants.                 )
19  _____   )

20  ///

21  ///

22  ///

23

24

25

26

27

28



- 1 -
**PROOF OF SERVICE**

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel. (323) 549-9100
Fax (323) 549-0101



**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE**

on the interested parties in this action, addressed as follows:

| *Attorneys for Defendant:* | *Attorneys for Plaintiff:* |
| --- | --- |
| Douglas J. Farmer, Esq. | Raphael A. Katri, Esq. |
| Sarah Zenewicz, Esq. | LAW OFFICES OF RAPHAEL A. KATRI |
| OGLETREE, DEAKINS, NASH, | 8549 Wilshire Boulevard, Suite 200 |
| SMOAK & STEWART, P.C. | Beverly Hills, CA 90211-3104 |
| One Market Plaza, Suite 1300 | Tel.: (310) 940-2034 |
| San Francisco, CA 94105 | Fax: (310) 733-5644 |
| Tel.: (415) 442-4810 | RKatri@socallaborlawyers.com |
| Fax: (415) 442-4870 | |
| Douglas.Farmer@ogletree.com | |

using the following service method(s):

__X__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **June ___, 2019**, at Los Angeles, California.

_____
**Cindy Rivas**

39039486.2

39039486.6

39136597.1

- 2 -

**PROOF OF SERVICE**

# EXHIBIT D

**Zenewicz, Sarah**

| | |
|---|---|
| **From:** | Gregg Lander <lander@kbarnes.com> |
| **Sent:** | Thursday, July 11, 2019 4:57 PM |
| **To:** | Zenewicz, Sarah; Farmer, Douglas J.; Kramer, Sean M. |
| **Cc:** | Kevin Barnes; RKatri@socallaborlawyers.com; Cindy Rivas; Gregg Lander |
| **Subject:** | RE: Cahilig v. Ikea - Privacy Notice, etc. |
| **Attachments:** | Cahilig v. IKEA - 2019-07 - Stip  Order re class cert deadline.DOCX; IKEA - 2019-07 - Stip+Order re Privacy Notice.DOC; IKEA - 2019-07 - Exh. 1 to Stip - Belaire Notice.DOC |

Sarah,

Thanks for this email, that, for some reason, went to spam instead of inbox, and I just retrieved.

Re: Stip re: dates, per your request I have changed hearing date to 11/4/19, and added our e-signatures. Cindy of my office will file/serve this from our office on Monday morning, as she is not in tomorrow.

Re: Stip re: privacy notice, I have accepted your proposed changes, added our e-signatures, and this Stip/Order (along with the Notice as Exh. 1) will also be filed/served on Monday. I'm also going to provide it to RG/2 so they can proceed with mailing, and you will be copied.

We will follow up with the Court re: the proposed orders.

Thank you for your consideration.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Wednesday, July 3, 2019 10:43 AM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Cindy Rivas <rivas@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Gregg,

Although I do not agree with your characterizations below regarding the remaining deadlines in the case because your requested continuance limits the parties' time to complete merits discovery to less than two months, we will not object to your request for 3 weeks for a reply.  We have a conflict with a previously scheduled settlement conference on October 28 and therefore cannot agree to that hearing date.  You have our permission to file with a hearing date of November 4.

Regarding the privacy notice, we just have one edit to the email section.  As I have made clear, IKEA will not be producing email addresses with the class list as IKEA does not store any personal email addresses in connection with its personnel files.  The class list is being prepared from the personnel files stored in its human resources system and those files do not include personal email addresses.  We are not going to agree to expand this to any documents stored in the ordinary course without limitation—if, for example, IKEA happens to have any employee's personal email address in connection with that person also having shopped online with IKEA or to receive email coupons, IKEA is not going to somehow separately try to search for and cross-reference online retail records to find whether it has that employee's personal email address.  Once our changes are accepted, you have my permission to add my e-signature and file.

There is no need to waste the parties time specifically addressing your meritless allegation of prejudice; the record speaks for itself.

We will accept your changes to the stipulated protective order and file.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 2, 2019 6:16 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.
**Importance:** High

Sarah,

I accepted your changes. In addition, now that the certification deadlines are not impacting the remaining case deadlines in the scheduling order, we must insist on 3 weeks for Reply, putting the hearing 10/28/19. Please accept these changes and return a signed stipulation, or your permission for us to add your signature.

If the Stip re privacy notice is acceptable, will you please sign and return? Every day of delay prejudices are ability to file the class cert motion by the current deadline.

If you accepted our changes to PO, you have our permission to sign for Plaintiff and file/serve. Please confirm when that is happening.

I am out of the office after today so if we have not reached agreement, we'll have to handle this via ex parte next week, and we will seek a different set conditions that those stipulated to.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Monday, July 1, 2019 1:49 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Gregg,

We looked again at the scheduling order to confirm the dates in your proposed stipulation regarding the class certification deadlines and see that you have put the class certification hearing deadline (August 12) as plaintiff's motion filing deadline.  As a result, the proposed dates would result in an approximately 120 day extension of the hearing deadline.  We cannot agree to the stipulation and dates as previously proposed because they misrepresent the current case deadlines and because we think the Court would find such a lengthy continuance of the hearing deadline to be unwarranted and would jeopardize the remainder of the case schedule.  We have revised the stipulation to reflect a 45-day extension of plaintiff's filing deadline, have included the 4 weeks for an opposition that this agreement is conditioned upon, allowed a full 2 weeks for a reply, and set the hearing for a date that the court is available.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, June 28, 2019 2:01 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Attached are the 3 revised documents.

Re: Stip re Cert, I moved our deadline to file and your deadline to Opp up one day, so we at least have both weekend around our 2 weeks.

Re: PO, I've tried to make it the process easy for all.

Re: privacy notice stip, we should now be in agreement.

Please accept all changes in all 3 docs and send back any redlines else sign and return the Stips and send a final version of PO for our signature.

Best,
GL
---------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 27, 2019 1:14 PM
**To:** Gregg Lander <lander@kbarnes.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Hi Gregg,

As we have already told you that IKEA does not maintain personal email addresses in its HR system so IKEA cannot produce them as part of the class list.  However, in light of your persistence on this issue, please see the attached further

4

46

revision to the stipulation in which we will agree in the stipulation to produce any personal email addresses that are in the central HR database.  Please do not be surprised when you receive a class list from the TPA that there are none.

I am still not understanding the need for a the proposed change to the model protective orders destruction section and it does not only affect plaintiff—IKEA has an important interest in maintaining the confidentiality of its information and the information of third parties.  Please explain why that change is needed or else we can keep the model language.

Regarding the extension, it already is fair.  We have already agreed to give you an additional 45 days to prepare an opposition—nearly seven weeks.  We have asked for double the time to respond to the motion (from 2 weeks to 4) and we have offered plaintiff double the time for a reply (from 1 week to 2).  The 45 day extension is conditioned upon the 4 weeks, so we will not agree to your proposal for less time for the opposition.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Thursday, June 27, 2019 12:56 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Re: emails, as we've requested, we need a declaration from someone who can say that email addresses are not maintained, else it needs to stay in.

Re: PO, I revised to reflect reality, to make the process as simple as possible, as it only burdens Plaintiff. Please reconsider the revisions.

We need more than 2 weeks if you're getting 4, so adjust that to 3 and 3 or something else fair.

Otherwise, I'm out of the office today, but will try to review the docs later today. In the meantime, please respond to these points.

Best,
GL

-----------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577

Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 27, 2019 12:11 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Gregg,

Attached please find redlines reflecting our comments.  Regarding the stipulated protective order, we accepted most changes but do not see a reason to change the model order's destruction requirements.  If you have a reason for these changes, please let us know and we will reconsider.  Regarding the extension, as I said in my last email, we can agree to allow 2 weeks for the reply deadline but cannot agree to more because this puts class certification too close to the remaining case deadlines in the scheduling order.  The changes to the Belaire-West stipulation should be self-explanatory.  As I said in a prior email, IKEA's HR system does not collect personal email addresses, so I'm not sure why that was put back into the stipulation, but we removed it to avoid confusion because when we produce a class list it will not include email addresses.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Wednesday, June 26, 2019 10:28 AM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Thanks for your email. Apparently I inadvertently neglected to track changes on the cert briefing Stip – the attached shows the redlines.

Please advise asap.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Wednesday, June 26, 2019 9:07 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Thanks, Gregg.  I will need to confer with my client.  Please note that you did not send all documents in redline.

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 6:38 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice, etc.

Sarah,

Thanks for this. Attached are our revisions to all 3 in redline. Rather than create a clean document and a redline pdf, please simply accept these changes, and then redline any additional changes, so we're working with a single version of each doc. Can you please return these today or tomorrow at the latest?

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.

LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 5:30 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

Our comments to the privacy stipulation, our comments to the extension stipulation and a stipulated protective order based on the Court's model order are all attached for your review. Regarding your request below for 4 weeks to file the reply, that extension would be excessive in light of the December discovery cut-off because your proposed schedule would require class certification hearing in December at the earliest. We have proposed two weeks instead.

Please let us know your comments and revisions to the proposed.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 10:53 AM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Baldwin, Melissa E <MBaldwin@rg2claims.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Agreed – I assumed you  would want to specify any additional terms for our review. We would appreciate you

getting back to us today on both Stips because we need to get the TPA involved asap so the mailing is
expedited.

To that end, I am copying Melissa Baldwin from RG/2 so she is aware of this new project, and attaching the
Notice and the Stip in its current form, so she can format and circulate the notice for the parties' review.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized
to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in
this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com
and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 10:38 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean
M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Hi Gregg,

The stipulation that you sent for the Belaire West is the same as the one you sent before and does not reflect the parties
discussions below and therefore needs to be revised.  I will circulate a revised version as soon as I can as well as
comments to your stipulation and order for the class certification deadlines.

Thanks,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio


**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 24, 2019 5:36 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy

9

51

Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

Counsel,

Attached is a draft of the proposed Stip discussed below. Please advise regarding this issues ASAP.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Gregg Lander
**Sent:** Thursday, June 20, 2019 8:22 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com>; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

6/20/19

Re: Cahilig v. Ikea

Dear Sarah,

Thanks for your email. This is a lot to digest, but I will do my best to respond to all relevant points.

Plaintiff agrees to a cert filing d/l extension of 45 days, without prejudice to Plaintiff requesting more time if necessary. That would make the cert filing d/l 9/26/19. Cindy of my office will draft a Stip/Order and I will send it to you Monday for your review.

Plaintiff agrees to Defendant's proposed privacy notice, with the additional minor revisions as redlined in the attached. Please confirm these are acceptable. As soon as this is finalized, I will send to RG/2 to begin the formatting process, and I will copy counsel for all parties on that email. I also re-attach the proposed Stip so you can redline in the points Defendant needs there. Plaintiff will agree to a reasonable protective order so long as it does not delay the privacy mailing.

Under these specific circumstances, Plaintiff will agree to the opt-out via postcard or email, understanding this should not be used as precedent in any future matters.

Plaintiff agrees to opt-out of 30 days for emails and postcards, not 40.

Plaintiff will pay for the mailing, and the parties agree to RG/2.

Plaintiff agrees that the scope of the classes will be determined by Monday's motion.

Defendant must agree to be prepared to provide RG/2 with the mailing list within 1 week of the decision on Monday's motion.

Plaintiff agrees to the proposed fields, so long as Defendant agrees to provide a declaration from someone knowledgeable under penalty of perjury stating that Defendant does not maintain employee email addresses in any capacity in the normal course of business.

Plaintiff will agree to 4 weeks for Opposition if we have 4 weeks for Reply.

Defendant must agree to supplement ROG4/RFPD4 and RFPD2 by 6/28/19, or, if the Court grants the requested extension, by 7/5/19.

Please advise asap if Defendant agrees to these terms. Thank you for your consideration.

Best,
GL

------------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
------------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 20, 2019 2:13 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We have considered Plaintiff's Belaire-West proposal outlined below and cannot agree to it because it does not adequately protect the privacy interests of the putative class members.  In short, your proposed notice does not adequately inform the putative class members as to the nature of the lawsuit, the information being requested by you, and your proposal does not provide for an adequate opt-out process, including because you have proposed a short 25-day opt-out period (with only 3 additional business days for the TPA to receive opt outs by mail) and only for opt outs by use of a non-prepaid post-card.

However, because we agree that we do not want to engage in a protracted meet and confer process about the notice and in the interest of compromise, Defendant will agree to stipulate to a request to the Court for a 45-day extension to Plaintiff's class certification filing if Plaintiff agrees to the following:

- The Belaire-West notice will be substantially similar to the attached version, subject to revision based on the Court's upcoming ruling on the Motion for Judgment on the Pleadings.

- Putative class members will be permitted to opt out via a pre-paid post card or through email at an address provided by the TPA.  Your prior concerns regarding email opt outs are not well taken; courts regularly permit email opts outs in connection with class action settlements and we have previously had courts approve email opt outs in connection with Belaire-West notices.  *See O'Connor v. Uber Techs., Inc.*, 2019 WL 1437101, at *12 (N.D. Cal. Mar. 29, 2019) ("Class members can opt out of the settlement class by submitting a written request via email or mail to the Settlement Administrator."); *In re Sony PS3 "Other OS" Litig.*, 2017 WL 5598726, at *4 (N.D. Cal. Nov. 21, 2017) ("Any Class Member who wishes to be excluded from the Class must email or mail a written request for exclusion to the Settlement Administrator at the email address or mailing address provided in the Class Notice[.]"); *In re Uber FCRA Litig.*, 2017 WL 2806698, at *2 (N.D. Cal. June 29, 2017) ("Class members may submit claim forms, opt-out, or object by mail, email, or through the settlement website."); *Mirkarimi v. Nevada Prop. 1, LLC*, 2015 WL 5022327, at *6 (S.D. Cal. Aug. 24, 2015) ("As set forth in the Settlement Agreement, any Class member who wishes to opt-out of the Class shall mail, email, or deliver to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement."); *In re High-Tech Employee Antitrust Litig.*, 2014 WL 10520477, at *4 (N.D. Cal. May 16, 2014) ("Class members could opt out of or object to the Settlements by mail or by email."); *Keirsey v. eBay, Inc.*, 2013 WL 5755047, at *6 (N.D. Cal. Oct. 23, 2013) ("The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, by sending an email or mail a letter or postcard to the Settlement Administrator[.]"); *Reed v. 1-800 Contacts, Inc.*, 2013 WL 12073267, at *2 (S.D. Cal. Aug. 29, 2013) ("[A]ny class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out[.]").

- The opt-out period will be 30 days, as originally proposed by Plaintiff.  Any email opt out must be received before the conclusion of the 30-day period.  Any opt-out postcard must be received by the TPA within 40 days from the date of mailing in order to be a valid objection.

- Plaintiff bears the costs of the notice.  Defendant does not object to Plaintiff's use of RG2 Claims Administration as the TPA.

- The scope of the putative class to receive notice is subject to the outcome of the pending Motion for Judgment on the Pleadings.

- Defendant will provide all fields of information requested by plaintiff—name, address, telephone number, job titles and dates, locations and dates—but it cannot provide email addresses as its HRIS system does not capture these.

- Plaintiff will not be provided with the contact list by the TPA until the parties have entered into a stipulated confidential protective order.  The contact list will be designated as "CONFIDENTIAL" and may not be used for

any purpose outside of the litigation, nor can it be used for solicitation. The TPA will also have to sign an acknowledgement to be bound by the protective order before Defendant can provide the class list to it.

- Defendant will have at least 4 weeks from the filing of Plaintiff's motion for class certification to file an Opposition.

Regarding the other discovery that we have discussed:

Interrogatory No. 4/RFP No. 4 – On our meet and confer call last week, Defendant agreed to produce information and non-privileged documents sufficient to identify any state or federal lawsuits filed against it in California within the five years preceding the filing of the January 10, 2019, complaint in this action that include any of the claims alleged in this case (i.e., rest break violations, 203 violations, inaccurate wage statements). Defendant will produce this information as soon as it's available for production.

RFP No. 2 – Defendant has agreed to search for relevant emails from Plaintiff's supervisors that pertain to Plaintiff and the claims alleged in this case, and any documents kept in Defendant's personnel file databases that were not already produced as part of Plaintiff's personnel file. On the call, we noted once again that RFP No. 2 is overbroad and invited you to identify any other categories of documents for Defendant's search; you did not and therefore our search will be limited to the foregoing. If there are other, specific categories of documents that Plaintiff would like to meet and confer about for a search, then please identify them.

Your emails below mischaracterize the parties' meet and confer efforts and our positions in many material respects. However, we do not think it is a good use of the parties time to go through point by point and the above should suffice to address our positions.

Please do not hesitate to ask if you have questions regarding the Belaire-West proposal above. I am available to meet and confer by phone.

Regards,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 18, 2019 7:09 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1


6/18/19

Re: Cahilig v. Ikea – M&C re Privacy Notice

Sarah,

Thanks for your email. Our concern has been and remains that at present there is simply not time for any protracted meet and confer, especially given what you have communicated thus far as Defendant's position regarding the requested privacy notice. Therefore, in addition to the class cert deadline extension we have already discussed*, this is a final attempt to informally resolve this issue, which we believe includes many concessions we would not otherwise make if the case was not in its current posture.

* During our 6/12/19 call, I proposed and you all but rejected a 3 month extension, and you also suggested Defendant would readily agree to 3 weeks. For now, I propose an approximate 30 day extension, to 9/16/19, without prejudice to requesting more time if the situation requires it. Please advise asap if this is agreeable, and I will send you a Stip/Order regarding that deadline specifically.

To informally resolve SROG1 nos. 2-3, we propose the following compromise (without prejudice to the option to later request more info if needed): Plaintiff will agree to a privacy notice that goes to only a randomly selected 20% of the putative class. Further, Plaintiff will agree to wait until Defendant's 6/24/19 motion to determine whether the case is a 1 or 4 year statute. Finally, Plaintiff will agree to only send to 20% of the group of whichever statute (1 or 4 year) applies. In addition, Plaintiff will also agree to pay the entire cost of the mailing. The other mailing terms we have proposed will also apply.

I attach a proposed Stip for your review, and also re-attach the proposed privacy notice.

I'm out of the office on Friday so please advise by 3pm on Thursday (6/20/19) if this offer is acceptable. Otherwise, we see no choice but to move to compel, and concurrently apply ex parte for an extension of our class cert filing deadline.

Thank you for your consideration.

Best, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 18, 2019 2:31 PM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We're working on a response to your email below but due to a hearing and other previously scheduled client commitments I will not be able to respond by your 4pm deadline.  Please be assured that we'll be responding in due course.

Regards,

Sarah


**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 17, 2019 2:52 PM
**To:** Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; Gregg Lander <lander@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High


6/17/19

Re: Cahilig v. Ikea – M&C re ROG1/RFPD1

Counsel,

Thank you for meeting and conferring with Plaintiff by telephone on 6/12/19. This attempts to memorialize the agreement we made regarding Interrogatory no. 4 and RFPD no. 4 – please immediately advise if there is anything incorrect here. Defendant has agreed to provide information/documents regarding all state and federal actions within the five years preceding the filing of the January 10, 2019 complaint in this action, that include any of the claims in this case. Defendant also agreed to further inspect and inquire regarding documents potentially responsive to RFPD no. 2, including but not limited to emails regarding Plaintiff from supervisory personnel, and any documents kept in Defendant's personnel file respositories or the like.

This is also Plaintiff's further attempt to meet and confer in good faith under Local Rule 7-3, regarding Plaintiff's contemplated Motion to Compel further responses to Plaintiff's Interrogatories nos. 2 and 3, about which the parties appear to be at an impasse. As explained in my 6/4/19 correspondence, and again in our 6/12/19 phone conversation, Defendant's refusal to produce class member contact information until after the ruling on Defendant's Motion for Judgment on the Pleadings is unreasonable and unnecessary. Plaintiff's Motion for Class Certification is due on August 12, 2019. Consequently, the privacy notice must be sent as soon as possible to allow Plaintiff time to gather certification evidence. If Defendant will not stipulate to continue the class certification deadlines, then Plaintiff has no choice but to seek the Court's assistance in compelling the production of this crucial evidence.

In addition, during our 6/12/19 conference, you represented that Defendant will not agree to the standard opt-out privacy notice that is routinely and consistently approved in state and federal courts. You also represented that Defendant will not agree to a privacy notice that does not include an email response option. Again, Defendant's position is unreasonable.

The *Belaire-West* privacy notice procedure is purposefully designed to require effort on the part of any putative class member who wishes to opt out of participating in discovery. See *Puerto v. Superior Court* 158 Cal.App.4th 1242, 1256 (2008) (declining to "unnecessarily hamstring" the class representatives "in their conduct of legitimate discovery by making their statutory entitlement to percipient witness discovery entirely dependent on the unreviewable decision of third parties whether they are interested in participating"); *Aldapa v. Fowler Packing Company Inc.,* 310 F.R.D. 583, 588 (E.D. Cal. 2015) (declining opt-in privacy notice because "common sense suggests that 'opt-in' responses will be artificially low due to recipients having little desire to put forth the effort to respond"). Specifically, a process that allows the path of least resistance to thwart a class representative's discovery rights is prohibited. *Puerto,* 158 Cal.App.4th at 1257 (criticizing process whereby the "easiest course … is interpreted as denial of consent" for disclosure of contact information).

Moreover, case law makes clear that a putative class member's opt-out must be registered by "written objection." E.g., *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal.4th 360, 374–375 (2007) (requiring a "written objection" to disclosure); *Salgado v. O'Lakes*, No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *4 (E.D. Cal., Dec. 18, 2014) (same). This requirement reduces inaccuracies and prevents fraudulent opt-outs. Written objections obviate the need to authenticate electronic signatures under Civil Code section 1633.9. See *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal.App.4th 836, 843 (2014).

In short, relevant authority provides for an opt-out notice, and there is no authority allowing for electronic option. Accordingly, we are confident that the Court will agree that any new procedure that places unnecessary barriers in Plaintiff's path and/or allows for inauthentic objections is not warranted.

Accordingly, please advise by 4:00 p.m. on Tuesday, June 18, 2019, if Defendant will either 1) agree to a continuance of the class certification deadline, or 2) agree to immediately send a privacy notice for all putative class members using the following procedures:

Defendant will, by the close of business on June 24, 2019, provide a list in Excel or comparable electronic format of the name, last known residence address, last known residence telephone number and last known email address (if Defendant retains them, and if not, please provide a declaration to that effect), all job titles held, by date, and the facility at which each worked, by date of all putative class members (all Defendant's hourly-paid California employees since January 5, 2015. The TPA will run the addresses through a National Change of Address search. The TPA will format the Notice and will circulate it and the opt-out postcard to the parties for approval. The TPA will then mail the Notice and postcard in an envelope to all class members. Any undeliverable notices will be skip-traced and if possible, remailed. At the end of a 25-day period (+ 5 additional business days to receive any opt-outs that were mailed at the end of the opt-out period), the TPA will provide to Plaintiff's counsel the list of and contact information for those class members who did not object to disclosure. If there are any concerns regarding any particular opt-out, the TPA will so advise the parties of the situation and the parties will work together in good faith to resolve any issues. We propose RG2 Claims Administration, LLC, as the TPA, and Plaintiff will split the cost of the mailing 50/50 with Defendant.

If Defendant will not agree to either of these options, Plaintiff will have no choice but to move to compel.

We look forward to hearing back from you as requested, and appreciate your time and consideration.

Best,
GL
---------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation

1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

# EXHIBIT E

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 2:19-cv-01182-CJC (ASx)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE**<br><br>Honorable Cormac J. Carney<br><br>Action filed: January 10, 2019<br>Trial Date: April 7, 2020 |

**STIPULATION RE: PRIVACY NOTICE**

Plaintiff Allyza Cahilig ("Plaintiff") and Defendant IKEA U.S. Retail, LLC ("Defendants") (collectively, "the Parties"), stipulate and agree as follows:

WHEREAS, on January 10, 2019, Plaintiff filed a putative class action lawsuit against Defendant alleging that Defendant did not provide rest periods, did not timely pay all wages upon termination of employment, did not provide accurate itemized wage statements and violated the California Unfair Competition Law and seeking penalties under California's Private Attorneys General Act;

WHEREAS, Plaintiff seeks to represent a putative class of Defendant's

- 1 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5664
TEL. (323) 549-9100
FAX (323) 549-0101

1  current and former non-exempt employees in California during the period January

2  10, 2015 through the present;

3      WHEREAS, on March 28, 2019, Plaintiff served Defendant with an

4  interrogatory requesting Defendant to identify all members of the putative class;

5      WHEREAS, on May 23, 2019, Defendant objected to the disclosure of the

6  contact information for the putative class members based on, among other things,

7  third-party privacy rights, but agreed to meet and confer regarding a *Belaire-West*

8  Notice;

9      WHEREAS, the Parties have met and conferred and agreed to the *Belaire-*

10 *West* privacy notice and the prepaid return postcard attached hereto as Exhibit 1

11 ("*Belaire-West* Packet") and distribution on the terms stated below; and,

12     WHEREAS, the Parties seek the Court's approval of the proposed *Belaire-*

13 *West* Packet and *Belaire-West* privacy notice process set forth herein.

14     NOW THEREFORE, the Parties stipulate and agree as follows:

15     1.    The Parties agree to the *Belaire-West* Packet attached as Exhibit 1 for

16 distribution to putative class members in accordance with the terms of the below

17 Stipulation and [Proposed] Order.

18     2.    The Parties agree to the designation of RG/2 Claims Administration,

19 LLC as the Third-Party Administrator ("TPA") responsible for, among other

20 things, distributing a privacy notice in accordance with the terms of this Stipulation

21 and the attached Order.  Plaintiff will pay all fees and costs of the administration

22 and mailing.

23     3.    Within 5 days of the Court's signature on the attached Order and after

24 the TPA executes Exhibit A to the  Stipulated Protective Order as filed by the

25 Parties, Defendant will provide the TPA with a sample (i.e., every Xth name on an

26 alphabetical list) of 20% of the putative class members (hourly-paid non-exempt

27 employees employed by Defendant in California at any time from January 10,

28 2015 to present), including the name, last known residence address, last known

Kevin T. Barnes
16 STEPHEN PENDERS
AVENUE,
SECOND FLOOR
Los Angeles, CA
90036-5664
Tel. (323) 549-9100
Fax (323) 549-0101

- 2 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

1  residence and mobile telephone numbers, job titles held during the relevant period,
2  by date, ~~and~~ the store at which each worked during the relevant period, by date,
3  and personal email addresses, to the extent any personal email addresses are
4  maintained ~~in~~by IKEA's ~~central human resources database~~in the usual course of
5  business.

6      4.    The TPA will immediately run the addresses through a National

7  Change of Address search, format the agreed-upon *Belaire-West* Packet and will

8  circulate to the Parties for approval. The TPA will then mail the *Belaire-West*

9  Packet to all putative class members via U.S. mail.  Any undeliverable notices will

10  be skip-traced by the TPA, and if possible, remailed.  If the TPA receives any

11  returned envelopes with forwarding addresses, the TPA will forward the *Belaire-*

12  *West* Packet to the new address.

13      5.    The putative class members shall have 30 days from the date of

14  mailing of the court-approved *Belaire-West* Packet within which to opt-out from

15  having their contact information produced to Plaintiff by either (1) sending an

16  email to the TPA as described in the *Belaire-West* Packet or (2) depositing the

17  return prepaid postcard in the U.S. Mail.  Any putative class member who, within

18  the 30-day opt-out period, opts out of the disclosure by returning the opt-out form

19  or by otherwise emailing the TPA that the putative class member wishes to have

20  his/her information maintained as private shall not have his/her contact or other

21  information disclosed to Plaintiff's counsel.

22      6.    Any opt-out postcard postmarked within the 30-day opt-out period

23  and received by the TPA within 5 business days from the end of the 30-day opt-out

24  period shall be deemed a valid objection by said putative class member to the

25  disclosure of his or her contact information to Plaintiff's counsel.

26      7.    No less than 2 business days after the close of the opt-out period and

27  the 5 business day period for the TPA to receive opt-out postcards described in

28  paragraph 6 of this Stipulation, the TPA shall send Plaintiff's counsel a list setting

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5644
TEL: (323) 549-9100
FAX: (323) 549-0101

- 3 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

forth the contact information for all putative class members who did not timely object to the disclosure of said contact information.  On the same date, the TPA also shall send Defendant's counsel a list of all putative class members who timely objected to the release of their contact information. The TPA will advise Plaintiff's counsel of the number of putative class members who timely objected to the release of their contact information.

8.      If there are any concerns regarding any particular opt-out, the TPA will so advise the Parties of the situation and the Parties will work together in good faith to resolve any issues, or if no such resolution can be reached, shall bring the matter to the attention of the Court.

9.      The Parties agree that the class list, in any format, shall be confidential pursuant to the Parties' Stipulated Protective Order.  This includes the class list as provided by Defendant to the TPA and the class list as provided by the TPA to the Plaintiff following the conclusion of the opt-out process.  The class list may not be used for any purpose outside of the litigation, nor can it be used for solicitation.

10.     The Parties agree that any information pertaining to the putative class members shall be provided to the TPA only upon the TPA's agreement to abide by the terms of the Stipulated Protective Order entered by the Court in this action. The TPA shall execute the Acknowledgment and Agreement to Be Bound (which is attached as Exhibit A to the Stipulated Protective Order) prior to any disclosure of putative class member to the TPA.  The TPA shall not disclose any such information to Plaintiff or her counsel except as expressly authorized in this Stipulation, and only after the close of the opt-out period as further set forth below.

11.     The Parties agree that if the date by which any term of this Stipulation and Request is to be performed falls on a Saturday, Sunday, or legal holiday in the State of California, then the date by which any such term must be performed shall be the next following day which is not a Saturday,

KEVIN J. BARNES
1671 POINTES
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5644
TEL. (323) 549-0100
FAX. (323) 549-0101

- 4 -

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**



1  ///

2  ///

3  Sunday, or legal holiday in the

4  ///

5  State of California.:

6  **IT IS SO STIPULATED.**

7  Dated:  July 11, 2019              LAW OFFICES OF KEVIN T. BARNES

8
                                     By:   */s/ Gregg Lander*
9                                          KEVIN T. BARNES
                                           GREGG LANDER
10                                         Attorney for Plaintiff
                                           ALLYZA CAHILIG
11  Dated:  July 11, 2019              OGLETREE, DEAKINS, NASH,
                                       SMOAK & STEWART, P.C.
12

13                                     By:   */s/ Sarah Zenewicz*
                                           DOUGLAS J. FARMER
14                                         SARAH ZENEWICZ
                                           SEAN KRAMER
15                                         Attorneys for Defendant

16                                         IKEA U.S. RETAIL, LLCDated: June
17                                     ___, 2019        LAW OFFICES
                                       OF KEVIN T. BARNES

18

19

20

21                                     By:
22                                         Kevin T. Barnes, Esq.
                                           Gregg Lander, Esq.
23                                         Attorneys for Plaintiffs

24  Dated: June ___, 2019              OGLETREE, DEAKINS, NASH,
25                                     SMOAK & STEWART, P.C.

26

27                                     By:
28                                         Douglas J. Farmer, Esq.
                                           Sarah Zenewicz, Esq.

- 5 -
**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

KEVIN T. BARNES
1635 POUDRE
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5664
TEL. (323) 549-9100
FAX (323) 549-0101

Formatted: Font: Times New Roman

1
2 Sean Kramer, Esq.
Attorneys for Defendant
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5664
TEL. (323) 549-9100
FAX (323) 549-0101

**- 6 -**

**STIPULATION AND ORDER REGARDING PRIVACY NOTICE**

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive,<br><br>            Defendants. | **CLASS ACTION**<br><br>Case No.: 2:19-cv-01182-CJC (ASx)<br><br>**[PROPOSED] ORDER RE: STIPULATION REGARDING PRIVACY NOTICE**<br><br>Honorable Cormac J. Carney<br><br>Action filed: January 10, 2019<br>Trial Date: April 7, 2020 |

### [PROPOSED] ORDER RE: STIPULATION RE: PRIVACY NOTICE

The Parties have entered a Stipulation regarding a Privacy Notice, and have provided the proposed *Belaire-West* Packet with a stipulated procedure for conducting the privacy mailing.  Good cause having been shown therefore, IT IS ORDERED THAT:

1.      The proposed *Belaire-West* Packet-, attached as Exhibit 1 to the Parties' Stipulation, is approved.

///

///

**ORDER RE: STIPULATION REGARDING PRIVACY NOTICE**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

2.     The mailing procedures in the Parties' Stipulation re: Privacy Notice are approved.

Dated: _____

_____
Honorable Cormac J. Carney
Judge of the District Court

**ORDER RE: STIPULATION REGARDING PRIVACY NOTICE**

Formatted: Left

KEVIN T. BARNES
1875 POWELL
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90046-5644
TEL. (323) 549-9100
FAX (323) 549-0101

68

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
9  Attorneys for Plaintiff ALLYZA CAHILIG,
   on behalf of herself and all others similarly situated

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  ALLYZA CAHILIG, on behalf        )  **CLASS ACTION**
    of herself and all others similarly  )
13  situated,                         )  Case No.: 2:19-cv-01182-CJC (ASx)
                                      )
14         Plaintiffs,                )  **PROOF OF SERVICE**
                                      )
15         v.                         )  Honorable Cormac J. Carney
                                      )
16  IKEA U.S. RETAIL, LLC, a          )  Action filed: January 10, 2019
    Virginia limited liability        )  Trial Date: None Set
17  company; and DOES 1 to 100,       )
    inclusive,                        )
18                                    )
           Defendants.                )
19  _____  )

20  ///

21  ///

22  ///

23

24

25

26

27

28

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5644
TEL. (323) 549-9100
FAX: (323) 549-0101

- 1 -
**PROOF OF SERVICE**

69



## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**STIPULATION AND [PROPOSED] ORDER REGARDING PRIVACY NOTICE**

on the interested parties in this action, addressed as follows:

| _Attorneys for Defendant:_ | _Attorneys for Plaintiff:_ |
|---|---|
| Douglas J. Farmer, Esq. | Raphael A. Katri, Esq. |
| Sarah Zenewicz, Esq. | LAW OFFICES OF RAPHAEL A. KATRI |
| OGLETREE, DEAKINS, NASH, | 8549 Wilshire Boulevard, Suite 200 |
| SMOAK & STEWART, P.C. | Beverly Hills, CA 90211-3104 |
| One Market Plaza, Suite 1300 | Tel.: (310) 940-2034 |
| San Francisco, CA 94105 | Fax: (310) 733-5644 |
| Tel.: (415) 442-4810 | RKatri@socallaborlawyers.com |
| Fax: (415) 442-4870 | |
| Douglas.Farmer@ogletree.com | |

using the following service method~~(s)~~:

 **X   VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on ~~June~~ July 15~~——~~, **2019**, at Los Angeles, California.

_/s/ _ _ _ _ _ _ _ _ Cindy_ _ _ _ _ _ _ _ Rivas_

**Cindy Rivas**

39039486.2

39039486.6

- 2 -

**PROOF OF SERVICE**

# EXHIBIT F

**Zenewicz, Sarah**

| | |
|---|---|
| **From:** | Gregg Lander <lander@kbarnes.com> |
| **Sent:** | Tuesday, July 23, 2019 3:53 PM |
| **To:** | Zenewicz, Sarah; Farmer, Douglas J.; Kramer, Sean M. |
| **Cc:** | Kevin Barnes; RKatri@socallaborlawyers.com; Gregg Lander |
| **Subject:** | RE: Cahilig v. Ikea - Privacy Notice |
| **Importance:** | High |

Sarah,

Whether or not such authority is beside the point, because this comes from our discussions from the very beginning regarding the privacy notice. If you'll go back and look at each and every meet and confer, it mentions the need for such a declaration. If you cannot agree to provide said declaration by this Friday at 2pm, then we'll move ex parte to require Defendant to do so, and we'll seek all sanctions available to us for your abuse of the discovery process and for reneging on the agreement that if Defendant does not produce email addresses, it will provide a declaration under penalty of perjury stating that it does not collect or maintain any employee email addresses in the usual course of business.

Your reluctance to meet the terms of an express agreement is not well taken, and we expect better from an officer of the court.

GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, July 23, 2019 3:11 PM
**To:** Gregg Lander <lander@kbarnes.com>; Baldwin, Melissa E <MBaldwin@rg2claims.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano <Lozano@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Hi Gregg,

Please provide the authority that you are relying upon to contend that IKEA must provide such a declaration.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 23, 2019 3:06 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah
<sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano
<Lozano@kbarnes.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice
**Importance:** High

Thanks Melissa. Per the terms of the attached Stip, please immediately run through NCOA, and advise when
mailing will occur.

Sarah, we need the declaration from Ikea stating that Ikea does not maintain putative class member email
addresses in the usual course of business. When will that be provided?

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized
to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in
this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com
and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Tuesday, July 23, 2019 2:53 PM
**To:** Gregg Lander <lander@kbarnes.com>; Kramer, Sean M. <sean.kramer@ogletree.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah
<sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano

&lt;Lozano@kbarnes.com&gt;
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg –

The data was received late yesterday, and retrieved today by me. There are 1,199 unique employees included. The data consists of Location, Name, Job, Start Date, End Date, Status as of 06/07/2019, mailing address and phone number.

We will prepare for the mailing and advise.

Thanks!

---

**From:** Gregg Lander &lt;lander@kbarnes.com&gt;
**Sent:** Tuesday, July 23, 2019 5:44 PM
**To:** Baldwin, Melissa E &lt;MBaldwin@rg2claims.com&gt;; Kramer, Sean M. &lt;sean.kramer@ogletree.com&gt;
**Cc:** Kevin Barnes &lt;barnes@kbarnes.com&gt;; RKatri@socallaborlawyers.com; Zenewicz, Sarah &lt;sarah.zenewicz@ogletreedeakins.com&gt;; Farmer, Douglas J. &lt;Douglas.Farmer@ogletreedeakins.com&gt;; Michele Lozano &lt;Lozano@kbarnes.com&gt;; Gregg Lander &lt;lander@kbarnes.com&gt;
**Subject:** RE: Cahilig v. Ikea - Privacy Notice
**Importance:** High

Melissa,

Has Ikea delivered the mailing data?

If not, Ikea counsel, please advise when delivery will be completed.

Best,
GL

----------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
----------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E &lt;MBaldwin@rg2claims.com&gt;
**Sent:** Monday, July 22, 2019 3:27 PM
**To:** Kramer, Sean M. &lt;sean.kramer@ogletree.com&gt;
**Cc:** Kevin Barnes &lt;barnes@kbarnes.com&gt;; RKatri@socallaborlawyers.com; Zenewicz, Sarah &lt;sarah.zenewicz@ogletreedeakins.com&gt;; Farmer, Douglas J. &lt;Douglas.Farmer@ogletreedeakins.com&gt;; Michele Lozano

&lt;Lozano@kbarnes.com&gt;; Gregg Lander &lt;lander@kbarnes.com&gt;
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sorry for the delay.  Please see attached.  Thanks!

---

**From:** Kramer, Sean M. &lt;sean.kramer@ogletree.com&gt;
**Sent:** Monday, July 22, 2019 1:09 PM
**To:** Baldwin, Melissa E &lt;MBaldwin@rg2claims.com&gt;
**Cc:** Kevin Barnes &lt;barnes@kbarnes.com&gt;; RKatri@socallaborlawyers.com; Zenewicz, Sarah &lt;sarah.zenewicz@ogletreedeakins.com&gt;; Farmer, Douglas J. &lt;Douglas.Farmer@ogletreedeakins.com&gt;; Michele Lozano &lt;Lozano@kbarnes.com&gt;; Gregg Lander &lt;lander@kbarnes.com&gt;
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Hi Melissa,

Can you please confirm that you have signed Exhibit A to the Protective Order, which is Exhibit A to the attached PDF, and provide us with a signed copy? We need this to be signed so that we can provide you with the data today.

Thanks,
Sean

**Sean M. Kramer | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3548 | Fax: 415-442-4870
sean.kramer@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander &lt;lander@kbarnes.com&gt;
**Sent:** Friday, July 19, 2019 6:23 PM
**To:** Baldwin, Melissa E &lt;MBaldwin@rg2claims.com&gt;
**Cc:** Kevin Barnes &lt;barnes@kbarnes.com&gt;; RKatri@socallaborlawyers.com; Zenewicz, Sarah &lt;sarah.zenewicz@ogletreedeakins.com&gt;; Farmer, Douglas J. &lt;Douglas.Farmer@ogletreedeakins.com&gt;; Kramer, Sean M. &lt;sean.kramer@ogletreedeakins.com&gt;; Gregg Lander &lt;lander@kbarnes.com&gt;; Michele Lozano &lt;Lozano@kbarnes.com&gt;
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

The Court has approved the mailing, per attached Order. Per the Stip, also attached, Defendant will provide you will the agreed-upon data by this Monday, 7/22/19. Please ensure that you have executed Exhibit A to the Stipulated Protective Order, also attached for your convenience.

When you receive the data, please confirm how many records were received, and what categories of information were included.

Per the terms of the Stip, the mailing can go out immediately after you receive the data and run it through NCOA, so please advise how soon next week the mailing is going out, the opt-out deadline and the disclosure date. Time is of the essence in this case.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.

LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Gregg Lander
**Sent:** Thursday, July 11, 2019 4:57 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

These are approved by Plaintiff.

On Monday, the parties are submitting the attached Stip/Order and proposed notice to the Court, and we will provide the Court-executed Order as soon as it is available.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Thursday, July 11, 2019 3:10 PM
**To:** Gregg Lander <lander@kbarnes.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>

**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg –

Attached is the formatted Notice and postcard for review.

I have not yet received the signed stipulation, so I am not sure when I am supposed to receive the data.

Thanks!
Melissa

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 2, 2019 9:48 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

Status?

Thanks, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Tuesday, June 25, 2019 3:27 PM
**To:** Gregg Lander <lander@kbarnes.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Thanks, Gregg.  We will format and circulate for review shortly.

6

77

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 1:53 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Baldwin, Melissa E <MBaldwin@rg2claims.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Agreed – I assumed you  would want to specify any additional terms for our review. We would appreciate you getting back to us today on both Stips because we need to get the TPA involved asap so the mailing is expedited.

To that end, I am copying Melissa Baldwin from RG/2 so she is aware of this new project, and attaching the Notice and the Stip in its current form, so she can format and circulate the notice for the parties' review.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 10:38 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Hi Gregg,

The stipulation that you sent for the Belaire West is the same as the one you sent before and does not reflect the parties discussions below and therefore needs to be revised.  I will circulate a revised version as soon as I can as well as comments to your stipulation and order for the class certification deadlines.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 24, 2019 5:36 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy
Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High


Counsel,

Attached is a draft of the proposed Stip discussed below. Please advise regarding this issues ASAP.


Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized
to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in
this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com
and delete this message. Thank you.

---

**From:** Gregg Lander
**Sent:** Thursday, June 20, 2019 8:22 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>;
Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy
Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1


6/20/19

Re: Cahilig v. Ikea

Dear Sarah,

Thanks for your email. This is a lot to digest, but I will do my best to respond to all relevant points.

Plaintiff agrees to a cert filing d/l extension of 45 days, without prejudice to Plaintiff requesting more time if necessary. That would make the cert filing d/l 9/26/19. Cindy of my office will draft a Stip/Order and I will send it to you Monday for your review.

Plaintiff agrees to Defendant's proposed privacy notice, with the additional minor revisions as redlined in the attached. Please confirm these are acceptable. As soon as this is finalized, I will send to RG/2 to begin the formatting process, and I will copy counsel for all parties on that email. I also re-attach the proposed Stip so you can redline in the points Defendant needs there. Plaintiff will agree to a reasonable protective order so long as it does not delay the privacy mailing.

Under these specific circumstances, Plaintiff will agree to the opt-out via postcard or email, understanding this should not be used as precedent in any future matters.

Plaintiff agrees to opt-out of 30 days for emails and postcards, not 40.

Plaintiff will pay for the mailing, and the parties agree to RG/2.

Plaintiff agrees that the scope of the classes will be determined by Monday's motion.

Defendant must agree to be prepared to provide RG/2 with the mailing list within 1 week of the decision on Monday's motion.

Plaintiff agrees to the proposed fields, so long as Defendant agrees to provide a declaration from someone knowledgeable under penalty of perjury stating that Defendant does not maintain employee email addresses in any capacity in the normal course of business.

Plaintiff will agree to 4 weeks for Opposition if we have 4 weeks for Reply.

Defendant must agree to supplement ROG4/RFPD4 and RFPD2 by 6/28/19, or, if the Court grants the requested extension, by 7/5/19.

Please advise asap if Defendant agrees to these terms. Thank you for your consideration.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 20, 2019 2:13 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreeakins.com>; Kramer, Sean M. <sean.kramer@ogletreeakins.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We have considered Plaintiff's Belaire-West proposal outlined below and cannot agree to it because it does not adequately protect the privacy interests of the putative class members.  In short, your proposed notice does not adequately inform the putative class members as to the nature of the lawsuit, the information being requested by you, and your proposal does not provide for an adequate opt-out process, including because you have proposed a short 25-day opt-out period (with only 3 additional business days for the TPA to receive opt outs by mail) and only for opt outs by use of a non-prepaid post-card.

However, because we agree that we do not want to engage in a protracted meet and confer process about the notice and in the interest of compromise, Defendant will agree to stipulate to a request to the Court for a 45-day extension to Plaintiff's class certification filing if Plaintiff agrees to the following:

- The Belaire-West notice will be substantially similar to the attached version, subject to revision based on the Court's upcoming ruling on the Motion for Judgment on the Pleadings.

- Putative class members will be permitted to opt out via a pre-paid post card or through email at an address provided by the TPA.  Your prior concerns regarding email opt outs are not well taken; courts regularly permit email opts outs in connection with class action settlements and we have previously had courts approve email opt outs in connection with Belaire-West notices.  *See O'Connor v. Uber Techs., Inc.*, 2019 WL 1437101, at *12 (N.D. Cal. Mar. 29, 2019) ("Class members can opt out of the settlement class by submitting a written request via email or mail to the Settlement Administrator."); *In re Sony PS3 "Other OS" Litig.*, 2017 WL 5598726, at *4 (N.D. Cal. Nov. 21, 2017) ("Any Class Member who wishes to be excluded from the Class must email or mail a written request for exclusion to the Settlement Administrator at the email address or mailing address provided in the Class Notice[.]"); *In re Uber FCRA Litig.*, 2017 WL 2806698, at *2 (N.D. Cal. June 29, 2017) ("Class members may submit claim forms, opt-out, or object by mail, email, or through the settlement website."); *Mirkarimi v. Nevada Prop. 1, LLC*, 2015 WL 5022327, at *6 (S.D. Cal. Aug. 24, 2015) ("As set forth in the Settlement Agreement, any Class member who wishes to opt-out of the Class shall mail, email, or deliver to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement."); *In re High-Tech Employee Antitrust Litig.*, 2014 WL 10520477, at *4 (N.D. Cal. May 16, 2014) ("Class members could opt out of or object to the Settlements by mail or by email."); *Keirsey v. eBay, Inc.*, 2013 WL 5755047, at *6 (N.D. Cal. Oct. 23, 2013) ("The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, by sending an email or mail a letter or postcard to the Settlement Administrator[.]"); *Reed v. 1-800 Contacts, Inc.*, 2013 WL 12073267, at *2 (S.D. Cal. Aug. 29, 2013) ("[A]ny class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out[.]").

- The opt-out period will be 30 days, as originally proposed by Plaintiff.  Any email opt out must be received before the conclusion of the 30-day period.  Any opt-out postcard must be received by the TPA within 40 days from the date of mailing in order to be a valid objection.

- Plaintiff bears the costs of the notice.  Defendant does not object to Plaintiff's use of RG2 Claims Administration as the TPA.

- The scope of the putative class to receive notice is subject to the outcome of the pending Motion for Judgment on the Pleadings.

- Defendant will provide all fields of information requested by plaintiff—name, address, telephone number, job titles and dates, locations and dates—but it cannot provide email addresses as its HRIS system does not capture these.

- Plaintiff will not be provided with the contact list by the TPA until the parties have entered into a stipulated confidential protective order.  The contact list will be designated as "CONFIDENTIAL" and may not be used for any purpose outside of the litigation, nor can it be used for solicitation. The TPA will also have to sign an acknowledgement to be bound by the protective order before Defendant can provide the class list to it.

- Defendant will have at least 4 weeks from the filing of Plaintiff's motion for class certification to file an Opposition.

Regarding the other discovery that we have discussed:

Interrogatory No. 4/RFP No. 4 – On our meet and confer call last week, Defendant agreed to produce information and non-privileged documents sufficient to identify any state or federal lawsuits filed against it in California within the five years preceding the filing of the January 10, 2019, complaint in this action that include any of the claims alleged in this case (i.e., rest break violations, 203 violations, inaccurate wage statements). Defendant will produce this information as soon as it's available for production.

RFP No. 2 – Defendant has agreed to search for relevant emails from Plaintiff's supervisors that pertain to Plaintiff and the claims alleged in this case, and any documents kept in Defendant's personnel file databases that were not already produced as part of Plaintiff's personnel file.  On the call, we noted once again that RFP No. 2 is overbroad and invited you to identify any other categories of documents for Defendant's search; you did not and therefore our search will be limited to the foregoing.  If there are other, specific categories of documents that Plaintiff would like to meet and confer about for a search, then please identify them.

Your emails below mischaracterize the parties' meet and confer efforts and our positions in many material respects.  However, we do not think it is a good use of the parties time to go through point by point and the above should suffice to address our positions.

Please do not hesitate to ask if you have questions regarding the Belaire-West proposal above.  I am available to meet and confer by phone.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 18, 2019 7:09 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1


6/18/19

Re: Cahilig v. Ikea – M&C re Privacy Notice

Sarah,

Thanks for your email. Our concern has been and remains that at present there is simply not time for any protracted meet and confer, especially given what you have communicated thus far as Defendant's position regarding the requested privacy notice. Therefore, in addition to the class cert deadline extension we have already discussed*, this is a final attempt to informally resolve this issue, which we believe includes many concessions we would not otherwise make if the case was not in its current posture.

* During our 6/12/19 call, I proposed and you all but rejected a 3 month extension, and you also suggested Defendant would readily agree to 3 weeks. For now, I propose an approximate 30 day extension, to 9/16/19, without prejudice to requesting more time if the situation requires it. Please advise asap if this is agreeable, and I will send you a Stip/Order regarding that deadline specifically.

To informally resolve SROG1 nos. 2-3, we propose the following compromise (without prejudice to the option to later request more info if needed): Plaintiff will agree to a privacy notice that goes to only a randomly selected 20% of the putative class. Further, Plaintiff will agree to wait until Defendant's 6/24/19 motion to determine whether the case is a 1 or 4 year statute. Finally, Plaintiff will agree to only send to 20% of the group of whichever statute (1 or 4 year) applies. In addition, Plaintiff will also agree to pay the entire cost of the mailing. The other mailing terms we have proposed will also apply.

I attach a proposed Stip for your review, and also re-attach the proposed privacy notice.

I'm out of the office on Friday so please advise by 3pm on Thursday (6/20/19) if this offer is acceptable. Otherwise, we see no choice but to move to compel, and concurrently apply ex parte for an extension of our class cert filing deadline.

Thank you for your consideration.

Best, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421

Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 18, 2019 2:31 PM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We're working on a response to your email below but due to a hearing and other previously scheduled client commitments I will not be able to respond by your 4pm deadline.  Please be assured that we'll be responding in due course.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 17, 2019 2:52 PM
**To:** Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; Gregg Lander <lander@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

6/17/19

Re: Cahilig v. Ikea – M&C re ROG1/RFPD1

Counsel,

Thank you for meeting and conferring with Plaintiff by telephone on 6/12/19. This attempts to memorialize the agreement we made regarding Interrogatory no. 4 and RFPD no. 4 – please immediately advise if there is anything incorrect here. Defendant has agreed to provide information/documents regarding all state and federal actions within the five years preceding the filing of the January 10, 2019 complaint in this action, that include any of the claims in this case. Defendant also agreed to further inspect and inquire regarding documents potentially responsive to RFPD no. 2, including but not limited to emails regarding Plaintiff from supervisory personnel, and any documents kept in Defendant's personnel file respositories or the like.

This is also Plaintiff's further attempt to meet and confer in good faith under Local Rule 7-3, regarding Plaintiff's contemplated Motion to Compel further responses to Plaintiff's Interrogatories nos. 2 and 3, about which the parties appear to be at an impasse. As explained in my 6/4/19 correspondence, and again in our 6/12/19 phone conversation, Defendant's refusal to produce class member contact information until after the ruling on Defendant's Motion for Judgment on the Pleadings is unreasonable and unnecessary. Plaintiff's Motion for Class Certification is due on August 12, 2019. Consequently, the privacy notice must be sent as soon as possible to allow Plaintiff time to gather certification evidence. If Defendant will not stipulate to continue the class certification deadlines, then Plaintiff has no choice but to seek the Court's assistance in compelling the production of this crucial evidence.

In addition, during our 6/12/19 conference, you represented that Defendant will not agree to the standard opt-out privacy notice that is routinely and consistently approved in state and federal courts. You also represented that Defendant will not agree to a privacy notice that does not include an email response option. Again, Defendant's position is unreasonable.

The *Belaire-West* privacy notice procedure is purposefully designed to require effort on the part of any putative class member who wishes to opt out of participating in discovery. See *Puerto v. Superior Court* 158 Cal.App.4th 1242, 1256 (2008) (declining to "unnecessarily hamstring" the class representatives "in their conduct of legitimate discovery by making their statutory entitlement to percipient witness discovery entirely dependent on the unreviewable decision of third parties whether they are interested in participating"); *Aldapa v. Fowler Packing Company Inc.,* 310 F.R.D. 583, 588 (E.D. Cal. 2015) (declining opt-in privacy notice because "common sense suggests that 'opt-in' responses will be artificially low due to recipients having little desire to put forth the effort to respond"). Specifically, a process that allows the path of least resistance to thwart a class representative's discovery rights is prohibited. *Puerto,* 158 Cal.App.4th at 1257 (criticizing process whereby the "easiest course … is interpreted as denial of consent" for disclosure of contact information).

Moreover, case law makes clear that a putative class member's opt-out must be registered by "written objection." E.g., *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal.4th 360, 374–375 (2007) (requiring a "written objection" to disclosure); *Salgado v. O'Lakes,* No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *4 (E.D. Cal., Dec. 18, 2014) (same). This requirement reduces inaccuracies and prevents fraudulent opt-outs. Written objections obviate the need to authenticate electronic signatures under Civil Code section 1633.9. See *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal.App.4th 836, 843 (2014).

In short, relevant authority provides for an opt-out notice, and there is no authority allowing for electronic option. Accordingly, we are confident that the Court will agree that any new procedure that places unnecessary barriers in Plaintiff's path and/or allows for inauthentic objections is not warranted.

Accordingly, please advise by 4:00 p.m. on Tuesday, June 18, 2019, if Defendant will either 1) agree to a continuance of the class certification deadline, or 2) agree to immediately send a privacy notice for all putative class members using the following procedures:

Defendant will, by the close of business on June 24, 2019, provide a list in Excel or comparable electronic format of the name, last known residence address, last known residence telephone number and last known email address (if Defendant retains them, and if not, please provide a declaration to that effect), all job titles held, by date, and the facility at which each worked, by date of all putative class members (all Defendant's hourly-paid California employees since January 5, 2015. The TPA will run the addresses through a National Change of Address search. The TPA will format the Notice and will circulate it and the opt-out postcard to the parties for approval. The TPA will then mail the Notice and postcard in an envelope to all class members. Any undeliverable notices will be skip-traced and if possible, remailed. At the end of a 25-day period (+ 5 additional business days to receive any opt-outs that were mailed at the end of the opt-out period), the TPA will provide to

Plaintiff's counsel the list of and contact information for those class members who did not object to disclosure. If there are any concerns regarding any particular opt-out, the TPA will so advise the parties of the situation and the parties will work together in good faith to resolve any issues. We propose RG2 Claims Administration, LLC, as the TPA, and Plaintiff will split the cost of the mailing 50/50 with Defendant.

If Defendant will not agree to either of these options, Plaintiff will have no choice but to move to compel.

We look forward to hearing back from you as requested, and appreciate your time and consideration.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

# EXHIBIT G

**Zenewicz, Sarah**

---

| | |
|---|---|
| **From:** | Gregg Lander <lander@kbarnes.com> |
| **Sent:** | Monday, July 29, 2019 5:28 PM |
| **To:** | Zenewicz, Sarah; Farmer, Douglas J.; Kramer, Sean M. |
| **Cc:** | Kevin Barnes; RKatri@socallaborlawyers.com; Gregg Lander |
| **Subject:** | RE: Cahilig v. Ikea - Privacy Notice |

Sarah,

We will oppose the ex parte. Please ensure that you follow all local rules.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Monday, July 29, 2019 5:05 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

I attempted to call your office but was told by the receptionist that you did not pick up your line.  I then asked for your voicemail and was left on hold for over five minutes before dropping the call.  Since I was unable to give you oral notice, please be advised that this is our notice pursuant to Local Rule 7-19.1 of an ex parte application to be filed tomorrow.  Defendant will request that the Court strike the improperly filed Stipulation and vacate the Court's order issued thereon.  We will also seek leave to file a motion for monetary sanctions in the amount of our attorneys' fees and costs in connection with the *ex parte* motion.

Your proposal below is not a resolution; it simply proposes to maintain the status quo and fulfill the same demand from last week that you made before we discovered that you filed a version of the Stipulation that we had rejected.  The issue here is not just our active discovery dispute regarding contact information and IKEA's obligations under the Stipulation, it is that you filed an unapproved version of a Stipulation with my signature in Court and you have steadfastly refused to

1

correct this with the Court, claiming repeatedly below that I had somehow approved it and that this was also somehow my error.  In short, we decline your invitation to leave the Stipulation in the record because it was filed without Defendant's approval.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, July 29, 2019 9:23 AM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Upon reflection, I do not want to leave you feeling like I am not interested in resolving your below concerns. Regardless of what led us to this point, the underlying concern is simply whether Ikea has provided any putative class member email addresses that it keeps in the ordinary course of business. My understanding is that you are in the process of providing a verified supplemental discovery response that states, under penalty of perjury, that Ikea does not keep putative class member email addresses in the ordinary course of business. If/when you provide that, all concerns on our part regarding putative class member email addresses, and will supercede any issues regarding the stip, as I will consider the verification the controlling document.

I hope that this olive leaf, along with time, will heal all current wounds, and we can move forward with more pressing concerns.

Please confirm this is an acceptable resolution. Thank you for your consideration.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in

this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, July 26, 2019 5:37 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Your email below twists this situation (and my attempts to address your concerns) into an unfounded accusation that is, as stated, both preposterous and in bad faith. None of what you state below happened the way you stated, and I am done with trying to correct your egregiously inaccurate and biased statements.

We are also not going to respond to any more correspondence where you unnecessarily and improperly threaten sanctions.

The fact remains that we filed a Stip, which you approved, and had plenty of opportunity to double-check if you think you did not. When you finally realized your error, rather than approach the situation with humility and consideration, you immediately attempted to bully me into fixing your mistake for you. I decline. Proceed as you must.

GL

---------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Friday, July 26, 2019 5:19 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

3

90

Our correspondence was clear and you even sent an email stating that you had accepted my changes before filing.  Your correspondence below raises very serious concerns about your adequacy to act as class counsel.  Indeed, you admit that your filing of the version of the stipulation that I had expressly rejected was intentional and an not inadvertent, and there is no circumstance under which this is acceptable conduct.

Please see the attached stipulation to correct the previously filed stipulation.  If you cannot agree to the attached stipulation by noon on Monday, then we will ask the Court to strike the stipulation on the grounds that you filed it in violation of Local Rule 5.4.3(a)(2)(i) and refused to agree to correct it.  We will also seek sanctions.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, July 26, 2019 4:14 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Thanks for your email. I disagree and believe the Stipulation reflected the agreement of the parties. I also believe the Stipulation reflects what Plaintiff advised we would agree to, and I believed that Defendant agreed to it, and not the language you are now stating you agreed to. At this juncture I am not inclined to now change our position, but we will review any proposed filing in good faith. Or we can try to come to some good faith agreement in the interim.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

4

91

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Friday, July 26, 2019 3:58 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

In the simplest terms, the stipulation that is on file with the Court is not what I approved to be filed.   I approved a stipulation that stated "to the extent any personal email addresses **are maintained with IKEA's personnel records** in the usual course of business."  As stated clearly in my cover email, this change was the condition on which we were approving the stipulation.  I could not have been more clear.  Plaintiff ignored these changes and filed her prior version of the stipulation that states "to the extent any personal email addresses are maintained by IKEA in the usual course of business."  Your ongoing denial of your filing of a version of the stipulation that we did not approve is concerning and raises serious questions about your adequacy to act as class counsel.

I noticed today as I was referring back to the stipulation to respond to your emails below.  I had no reason to believe that you would file a version of the stipulation that I did not approve.  My changes are clearly stated below and in the attached emails, and you omitted material edits in the final, filed version.  Our delay in noticing your mistake does not change that you filed a document without our approval or that is was your mistake to correct.

Please propose a joint filing that will correct your erroneous filing of the wrong version of the stipulation.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, July 26, 2019 3:46 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Thanks for your email. This responds.

In your 7/3/19, 10:43am email, you attached a proposed revised Stipulation. I did not understand your position to be anything other than that your version of the revised stipulation was acceptable to Defendant.

As such, on 7/11/19, I responded: "Re: Stip re: privacy notice, I have accepted your proposed changes, added our e-signatures, and this Stip/Order (along with the Notice as Exh. 1) will also be filed/served on Monday."

And that is exactly what I did. If you take your (attached) revised Stip, accept all changes, you will find that the resulting version is the version we submitted in good faith to the Court as our understanding of the stipulation of the parties.

That was a Thursday, and the Stip was not filed until the next Monday, 7/15/19. In that time you did not bring any issue to my attention, and as such, I believed then, as I still believe now, that Plaintiff submitted the agreed-upon version of the privacy notice Stip.

On 7/17/19, the Court signed the Stip, and you received a copy. Yet you raised no issues.

On 7/19/19, the Stip was sent to the TPA, and you received a copy. You raised no issues.

On 7/22/19 and 7/23/19, your office was involved in the privacy notice and Stip. You raised no issues.

To come now, two weeks after you received the agreed-upon Stip, and suggest that I have somehow committed sanctionable acts, is neither accurate nor professional, and I would thank you to stop threatening the same with no basis therefore. For you to suggest that you now know what I "should have known" then is also preposterous.

You still have not suggested how you propose to "resolve this with the Court", but I anticipate that regardless of whatever I propose, you're going to do what you're going to do, so I am all ears.

Best,
GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Friday, July 26, 2019 3:20 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg,

The attachment to your email is not what I sent to you on July 3, 2019.  It's plaintiff's version of the stipulation.  I went back to the email that I sent on July 3, 2019, and confirmed (and re-confirmed) that I sent the attached edited version, which includes the following changes:

residence and mobile telephone numbers, job titles held during the relevant period, ~~by date, and~~ the store at which each worked during the relevant period, by date, and personal email addresses, to the extent any personal email addresses are maintained ~~in~~withby IKEA's personnel records~~'s central human resources databasein~~ in the usual course of business.¶

Attempting to pass Plaintiff's version of the stipulation off as what I approved is not even credible.  My cover email explains at length that we will not agree to plaintiff's version of the stipulation and states that we had edited it, so even if you had somehow received that version of the stipulation, you should have known it was not our version of the stipulation (and should have recognized your own work product).

If you will not resolve this with the Court immediately, we will have no choice but to seek sanctions.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, July 26, 2019 2:55 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy NoticeKramer, Sean M. <sean.kramer@ogletreedeakins.com>

Sarah,

Thanks for your email, though I don't understand it.

I assume you're referring to paragraph 3 of the Stip. The (attached) word document, which came from you on 7/3/19 at 10:43am and includes your proposed changes, revised to state, re: email addresses: ", and personal email addresses, to the extent any personal email addresses are maintained with IKEA's personnel records in the usual course of business".

Similarly, the (attached) filed stip you sent, at paragraph 3, states, re: email addresses: "date, and personal email addresses, to the extent any personal email addresses are maintained by IKEA in the usual course of business."

As such, I'm not sure what is the issue, nor of the basis for your sanctions threat, which seems quite hostile under these circumstances.

Best,

GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized
to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in
this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com
and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Friday, July 26, 2019 2:38 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Subject:** RE: Cahilig v. Ikea - Privacy NoticeKramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Importance:** High

Gregg,

The stipulation that Plaintiff filed regarding the Belaire-West notice is not the stipulation that you my permission to file
with my signature.  The stipulation that you filed with the Court is the version that we specifically rejected and includes
Plaintiff's language regarding email addresses to which we expressly stated we would not agree to.  Plaintiff must
resolve this with the Court immediately or we will seek sanctions.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 23, 2019 4:35 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J.
<Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

The verified supplemental response re: email addresses is acceptable. Will that be served on or before Friday?

8

I have not had an opportunity to review your 7/19/19 meet and confer letter, nor do I believe that the local rules require the timing of the response you have demanded. However, I recall when responding to the discovery that the requests were so broadly tailored that virtually any document would be responsive. As such, out of an abundance of caution, we responded that we would provide all documents we believe could be responsive, and did so. The documents were produced are the sum total of documents that Plaintiff has to produce, and we do not need to provide any further response stating what we have already stated. If that does not resolve all issues from your 7/19/19 letter, please so advise.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, July 23, 2019 4:14 PM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Hi Gregg,

We have never agreed to provide a declaration and have maintained that position throughout all correspondence. You have persistently misstated our positions in meet and confer correspondence. We have repeatedly stated that our client does not maintain email addresses in its HRIS system. At this point, your conduct and threats of sanctions are nothing short of harassing and constitute a misuse of the discovery process. Nonetheless, we will serve a supplemental response to prior written that affirms what we have already told you over and over again.

Please provide the same for Plaintiff by the same deadline that you have unilaterally set—specifically, a declaration or verified supplemental response affirming that Plaintiff does not have any of the documents that Defendants requested under RFP Nos. 2-15 that Plaintiff stated under oath that she produced but did not actually produce. If Plaintiff cannot verify that she does not have responsive documents to RFP Nos. 2-15 then she must produce the responsive documents immediately.

Thanks,

Sarah

9

96

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 23, 2019 3:53 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice
**Importance:** High

Sarah,

Whether or not such authority is beside the point, because this comes from our discussions from the very beginning regarding the privacy notice. If you'll go back and look at each and every meet and confer, it mentions the need for such a declaration. If you cannot agree to provide said declaration by this Friday at 2pm, then we'll move ex parte to require Defendant to do so, and we'll seek all sanctions available to us for your abuse of the discovery process and for reneging on the agreement that if Defendant does not produce email addresses, it will provide a declaration under penalty of perjury stating that it does not collect or maintain any employee email addresses in the usual course of business.

Your reluctance to meet the terms of an express agreement is not well taken, and we expect better from an officer of the court.

GL

---------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, July 23, 2019 3:11 PM
**To:** Gregg Lander <lander@kbarnes.com>; Baldwin, Melissa E <MBaldwin@rg2claims.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano <Lozano@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Hi Gregg,

Please provide the authority that you are relying upon to contend that IKEA must provide such a declaration.

Thanks,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 23, 2019 3:06 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano <Lozano@kbarnes.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice
**Importance:** High

Thanks Melissa. Per the terms of the attached Stip, please immediately run through NCOA, and advise when mailing will occur.

Sarah, we need the declaration from Ikea stating that Ikea does not maintain putative class member email addresses in the usual course of business. When will that be provided?

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Tuesday, July 23, 2019 2:53 PM
**To:** Gregg Lander <lander@kbarnes.com>; Kramer, Sean M. <sean.kramer@ogletree.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano

11

98

<Lozano@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg –

The data was received late yesterday, and retrieved today by me.  There are 1,199 unique employees included.  The data consists of Location, Name, Job, Start Date, End Date, Status as of 06/07/2019, mailing address and phone number.

We will prepare for the mailing and advise.

Thanks!

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 23, 2019 5:44 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>; Kramer, Sean M. <sean.kramer@ogletree.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano <Lozano@kbarnes.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice
**Importance:** High

Melissa,

Has Ikea delivered the mailing data?

If not, Ikea counsel, please advise when delivery will be completed.

Best,
GL

---------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
---------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Monday, July 22, 2019 3:27 PM
**To:** Kramer, Sean M. <sean.kramer@ogletree.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano

<Lozano@kbarnes.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sorry for the delay.  Please see attached.  Thanks!

---

**From:** Kramer, Sean M. <sean.kramer@ogletree.com>
**Sent:** Monday, July 22, 2019 1:09 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah
<sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Michele Lozano
<Lozano@kbarnes.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Hi Melissa,

Can you please confirm that you have signed Exhibit A to the Protective Order, which is Exhibit A to the attached PDF,
and provide us with a signed copy? We need this to be signed so that we can provide you with the data today.

Thanks,
Sean

**Sean M. Kramer | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3548 | Fax: 415-442-4870
sean.kramer@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Friday, July 19, 2019 6:23 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah
<sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M.
<sean.kramer@ogletreedeakins.com>; Gregg Lander <lander@kbarnes.com>; Michele Lozano <Lozano@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

The Court has approved the mailing, per attached Order. Per the Stip, also attached, Defendant will provide you
will the agreed-upon data by this Monday, 7/22/19. Please ensure that you have executed Exhibit A to the
Stipulated Protective Order, also attached for your convenience.

When you receive the data, please confirm how many records were received, and what categories of
information were included.

Per the terms of the Stip, the mailing can go out immediately after you receive the data and run it through
NCOA, so please advise how soon next week the mailing is going out, the opt-out deadline and the disclosure
date. Time is of the essence in this case.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.

13

100

LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Gregg Lander
**Sent:** Thursday, July 11, 2019 4:57 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

These are approved by Plaintiff.

On Monday, the parties are submitting the attached Stip/Order and proposed notice to the Court, and we will provide the Court-executed Order as soon as it is available.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Thursday, July 11, 2019 3:10 PM
**To:** Gregg Lander <lander@kbarnes.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>

14

**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Gregg –

Attached is the formatted Notice and postcard for review.

I have not yet received the signed stipulation, so I am not sure when I am supposed to receive the data.

Thanks!
Melissa

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, July 2, 2019 9:48 PM
**To:** Baldwin, Melissa E <MBaldwin@rg2claims.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Melissa,

Status?

Thanks, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Baldwin, Melissa E <MBaldwin@rg2claims.com>
**Sent:** Tuesday, June 25, 2019 3:27 PM
**To:** Gregg Lander <lander@kbarnes.com>; Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Thanks, Gregg.  We will format and circulate for review shortly.

15

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 25, 2019 1:53 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Baldwin, Melissa E <MBaldwin@rg2claims.com>; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - Privacy Notice

Sarah,

Agreed – I assumed you  would want to specify any additional terms for our review. We would appreciate you getting back to us today on both Stips because we need to get the TPA involved asap so the mailing is expedited.

To that end, I am copying Melissa Baldwin from RG/2 so she is aware of this new project, and attaching the Notice and the Stip in its current form, so she can format and circulate the notice for the parties' review.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 25, 2019 10:38 AM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Hi Gregg,

The stipulation that you sent for the Belaire West is the same as the one you sent before and does not reflect the parties discussions below and therefore needs to be revised.  I will circulate a revised version as soon as I can as well as comments to your stipulation and order for the class certification deadlines.

Thanks,

Sarah

16

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 24, 2019 5:36 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

Counsel,

Attached is a draft of the proposed Stip discussed below. Please advise regarding this issues ASAP.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Gregg Lander
**Sent:** Thursday, June 20, 2019 8:22 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>; Cindy Rivas <rivas@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

6/20/19

Re: Cahilig v. Ikea

Dear Sarah,

17

Thanks for your email. This is a lot to digest, but I will do my best to respond to all relevant points.

Plaintiff agrees to a cert filing d/l extension of 45 days, without prejudice to Plaintiff requesting more time if necessary. That would make the cert filing d/l 9/26/19. Cindy of my office will draft a Stip/Order and I will send it to you Monday for your review.

Plaintiff agrees to Defendant's proposed privacy notice, with the additional minor revisions as redlined in the attached. Please confirm these are acceptable. As soon as this is finalized, I will send to RG/2 to begin the formatting process, and I will copy counsel for all parties on that email. I also re-attach the proposed Stip so you can redline in the points Defendant needs there. Plaintiff will agree to a reasonable protective order so long as it does not delay the privacy mailing.

Under these specific circumstances, Plaintiff will agree to the opt-out via postcard or email, understanding this should not be used as precedent in any future matters.

Plaintiff agrees to opt-out of 30 days for emails and postcards, not 40.

Plaintiff will pay for the mailing, and the parties agree to RG/2.

Plaintiff agrees that the scope of the classes will be determined by Monday's motion.

Defendant must agree to be prepared to provide RG/2 with the mailing list within 1 week of the decision on Monday's motion.

Plaintiff agrees to the proposed fields, so long as Defendant agrees to provide a declaration from someone knowledgeable under penalty of perjury stating that Defendant does not maintain employee email addresses in any capacity in the normal course of business.

Plaintiff will agree to 4 weeks for Opposition if we have 4 weeks for Reply.

Defendant must agree to supplement ROG4/RFPD4 and RFPD2 by 6/28/19, or, if the Court grants the requested extension, by 7/5/19.

Please advise asap if Defendant agrees to these terms. Thank you for your consideration.

Best,
GL


--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------

18

105

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Thursday, June 20, 2019 2:13 PM
**To:** Gregg Lander <lander@kbarnes.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Farmer, Douglas J. <Douglas.Farmer@ogletreeakins.com>; Kramer, Sean M. <sean.kramer@ogletreeakins.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We have considered Plaintiff's Belaire-West proposal outlined below and cannot agree to it because it does not adequately protect the privacy interests of the putative class members.  In short, your proposed notice does not adequately inform the putative class members as to the nature of the lawsuit, the information being requested by you, and your proposal does not provide for an adequate opt-out process, including because you have proposed a short 25-day opt-out period (with only 3 additional business days for the TPA to receive opt outs by mail) and only for opt outs by use of a non-prepaid post-card.

However, because we agree that we do not want to engage in a protracted meet and confer process about the notice and in the interest of compromise, Defendant will agree to stipulate to a request to the Court for a 45-day extension to Plaintiff's class certification filing if Plaintiff agrees to the following:

- The Belaire-West notice will be substantially similar to the attached version, subject to revision based on the Court's upcoming ruling on the Motion for Judgment on the Pleadings.

- Putative class members will be permitted to opt out via a pre-paid post card or through email at an address provided by the TPA.  Your prior concerns regarding email opt outs are not well taken; courts regularly permit email opts outs in connection with class action settlements and we have previously had courts approve email opt outs in connection with Belaire-West notices.  *See O'Connor v. Uber Techs., Inc.*, 2019 WL 1437101, at *12 (N.D. Cal. Mar. 29, 2019) ("Class members can opt out of the settlement class by submitting a written request via email or mail to the Settlement Administrator."); *In re Sony PS3 "Other OS" Litig.*, 2017 WL 5598726, at *4 (N.D. Cal. Nov. 21, 2017) ("Any Class Member who wishes to be excluded from the Class must email or mail a written request for exclusion to the Settlement Administrator at the email address or mailing address provided in the Class Notice[.]"); *In re Uber FCRA Litig.*, 2017 WL 2806698, at *2 (N.D. Cal. June 29, 2017) ("Class members may submit claim forms, opt-out, or object by mail, email, or through the settlement website."); *Mirkarimi v. Nevada Prop. 1, LLC*, 2015 WL 5022327, at *6 (S.D. Cal. Aug. 24, 2015) ("As set forth in the Settlement Agreement, any Class member who wishes to opt-out of the Class shall mail, email, or deliver to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement."); *In re High-Tech Employee Antitrust Litig.*, 2014 WL 10520477, at *4 (N.D. Cal. May 16, 2014) ("Class members could opt out of or object to the Settlements by mail or by email."); *Keirsey v. eBay, Inc.*, 2013 WL 5755047, at *6 (N.D. Cal. Oct. 23, 2013) ("The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, by sending an email or mail a letter or postcard to the Settlement Administrator[.]"); *Reed v. 1-800 Contacts, Inc.*, 2013 WL 12073267, at *2 (S.D. Cal. Aug. 29, 2013) ("[A]ny class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out[.]").

- The opt-out period will be 30 days, as originally proposed by Plaintiff.  Any email opt out must be received before the conclusion of the 30-day period.  Any opt-out postcard must be received by the TPA within 40 days from the date of mailing in order to be a valid objection.

- Plaintiff bears the costs of the notice.  Defendant does not object to Plaintiff's use of RG2 Claims Administration as the TPA.

- The scope of the putative class to receive notice is subject to the outcome of the pending Motion for Judgment on the Pleadings.

- Defendant will provide all fields of information requested by plaintiff—name, address, telephone number, job titles and dates, locations and dates—but it cannot provide email addresses as its HRIS system does not capture these.

- Plaintiff will not be provided with the contact list by the TPA until the parties have entered into a stipulated confidential protective order.  The contact list will be designated as "CONFIDENTIAL" and may not be used for any purpose outside of the litigation, nor can it be used for solicitation. The TPA will also have to sign an acknowledgement to be bound by the protective order before Defendant can provide the class list to it.

- Defendant will have at least 4 weeks from the filing of Plaintiff's motion for class certification to file an Opposition.

Regarding the other discovery that we have discussed:

Interrogatory No. 4/RFP No. 4 – On our meet and confer call last week, Defendant agreed to produce information and non-privileged documents sufficient to identify any state or federal lawsuits filed against it in California within the five years preceding the filing of the January 10, 2019, complaint in this action that include any of the claims alleged in this case (i.e., rest break violations, 203 violations, inaccurate wage statements). Defendant will produce this information as soon as it's available for production.

RFP No. 2 – Defendant has agreed to search for relevant emails from Plaintiff's supervisors that pertain to Plaintiff and the claims alleged in this case, and any documents kept in Defendant's personnel file databases that were not already produced as part of Plaintiff's personnel file.  On the call, we noted once again that RFP No. 2 is overbroad and invited you to identify any other categories of documents for Defendant's search; you did not and therefore our search will be limited to the foregoing.  If there are other, specific categories of documents that Plaintiff would like to meet and confer about for a search, then please identify them.

Your emails below mischaracterize the parties' meet and confer efforts and our positions in many material respects.  However, we do not think it is a good use of the parties time to go through point by point and the above should suffice to address our positions.

Please do not hesitate to ask if you have questions regarding the Belaire-West proposal above.  I am available to meet and confer by phone.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

20

107

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Tuesday, June 18, 2019 7:09 PM
**To:** Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com; Gregg Lander <lander@kbarnes.com>
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

6/18/19

Re: Cahilig v. Ikea – M&C re Privacy Notice

Sarah,

Thanks for your email. Our concern has been and remains that at present there is simply not time for any protracted meet and confer, especially given what you have communicated thus far as Defendant's position regarding the requested privacy notice. Therefore, in addition to the class cert deadline extension we have already discussed*, this is a final attempt to informally resolve this issue, which we believe includes many concessions we would not otherwise make if the case was not in its current posture.

* During our 6/12/19 call, I proposed and you all but rejected a 3 month extension, and you also suggested Defendant would readily agree to 3 weeks. For now, I propose an approximate 30 day extension, to 9/16/19, without prejudice to requesting more time if the situation requires it. Please advise asap if this is agreeable, and I will send you a Stip/Order regarding that deadline specifically.

To informally resolve SROG1 nos. 2-3, we propose the following compromise (without prejudice to the option to later request more info if needed): Plaintiff will agree to a privacy notice that goes to only a randomly selected 20% of the putative class. Further, Plaintiff will agree to wait until Defendant's 6/24/19 motion to determine whether the case is a 1 or 4 year statute. Finally, Plaintiff will agree to only send to 20% of the group of whichever statute (1 or 4 year) applies. In addition, Plaintiff will also agree to pay the entire cost of the mailing. The other mailing terms we have proposed will also apply.

I attach a proposed Stip for your review, and also re-attach the proposed privacy notice.

I'm out of the office on Friday so please advise by 3pm on Thursday (6/20/19) if this offer is acceptable. Otherwise, we see no choice but to move to compel, and concurrently apply ex parte for an extension of our class cert filing deadline.

Thank you for your consideration.

Best, GL

--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421

Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

---

**From:** Zenewicz, Sarah <sarah.zenewicz@ogletree.com>
**Sent:** Tuesday, June 18, 2019 2:31 PM
**To:** Gregg Lander <lander@kbarnes.com>; Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** RE: Cahilig v. Ikea - M&C re ROG1/RFPD1

Gregg,

We're working on a response to your email below but due to a hearing and other previously scheduled client commitments I will not be able to respond by your 4pm deadline.  Please be assured that we'll be responding in due course.

Regards,

Sarah

**Sarah Zenewicz | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-536-3411 | Fax: 415-442-4870
sarah.zenewicz@ogletree.com | www.ogletree.com | Bio

---

**From:** Gregg Lander <lander@kbarnes.com>
**Sent:** Monday, June 17, 2019 2:52 PM
**To:** Farmer, Douglas J. <Douglas.Farmer@ogletreedeakins.com>; Zenewicz, Sarah <sarah.zenewicz@ogletreedeakins.com>; Kramer, Sean M. <sean.kramer@ogletreedeakins.com>
**Cc:** Kevin Barnes <barnes@kbarnes.com>; Gregg Lander <lander@kbarnes.com>; RKatri@socallaborlawyers.com
**Subject:** Cahilig v. Ikea - M&C re ROG1/RFPD1
**Importance:** High

6/17/19

Re: Cahilig v. Ikea – M&C re ROG1/RFPD1

Counsel,

Thank you for meeting and conferring with Plaintiff by telephone on 6/12/19. This attempts to memorialize the agreement we made regarding Interrogatory no. 4 and RFPD no. 4 – please immediately advise if there is anything incorrect here. Defendant has agreed to provide information/documents regarding all state and federal actions within the five years preceding the filing of the January 10, 2019 complaint in this action, that include any of the claims in this case. Defendant also agreed to further inspect and inquire regarding documents potentially responsive to RFPD no. 2, including but not limited to emails regarding Plaintiff from supervisory personnel, and any documents kept in Defendant's personnel file respositories or the like.

This is also Plaintiff's further attempt to meet and confer in good faith under Local Rule 7-3, regarding Plaintiff's contemplated Motion to Compel further responses to Plaintiff's Interrogatories nos. 2 and 3, about which the parties appear to be at an impasse. As explained in my 6/4/19 correspondence, and again in our 6/12/19 phone conversation, Defendant's refusal to produce class member contact information until after the ruling on Defendant's Motion for Judgment on the Pleadings is unreasonable and unnecessary. Plaintiff's Motion for Class Certification is due on August 12, 2019. Consequently, the privacy notice must be sent as soon as possible to allow Plaintiff time to gather certification evidence. If Defendant will not stipulate to continue the class certification deadlines, then Plaintiff has no choice but to seek the Court's assistance in compelling the production of this crucial evidence.

In addition, during our 6/12/19 conference, you represented that Defendant will not agree to the standard opt-out privacy notice that is routinely and consistently approved in state and federal courts. You also represented that Defendant will not agree to a privacy notice that does not include an email response option. Again, Defendant's position is unreasonable.

The *Belaire-West* privacy notice procedure is purposefully designed to require effort on the part of any putative class member who wishes to opt out of participating in discovery. See *Puerto v. Superior Court* 158 Cal.App.4th 1242, 1256 (2008) (declining to "unnecessarily hamstring" the class representatives "in their conduct of legitimate discovery by making their statutory entitlement to percipient witness discovery entirely dependent on the unreviewable decision of third parties whether they are interested in participating"); *Aldapa v. Fowler Packing Company Inc.,* 310 F.R.D. 583, 588 (E.D. Cal. 2015) (declining opt-in privacy notice because "common sense suggests that 'opt-in' responses will be artificially low due to recipients having little desire to put forth the effort to respond"). Specifically, a process that allows the path of least resistance to thwart a class representative's discovery rights is prohibited. *Puerto,* 158 Cal.App.4th at 1257 (criticizing process whereby the "easiest course … is interpreted as denial of consent" for disclosure of contact information).

Moreover, case law makes clear that a putative class member's opt-out must be registered by "written objection." E.g., *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal.4th 360, 374–375 (2007) (requiring a "written objection" to disclosure); *Salgado v. O'Lakes,* No. 1:13-CV-0798-LJO-SMS, 2014 WL 7272784, at *4 (E.D. Cal., Dec. 18, 2014) (same). This requirement reduces inaccuracies and prevents fraudulent opt-outs. Written objections obviate the need to authenticate electronic signatures under Civil Code section 1633.9. See *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal.App.4th 836, 843 (2014).

In short, relevant authority provides for an opt-out notice, and there is no authority allowing for electronic option. Accordingly, we are confident that the Court will agree that any new procedure that places unnecessary barriers in Plaintiff's path and/or allows for inauthentic objections is not warranted.

Accordingly, please advise by 4:00 p.m. on Tuesday, June 18, 2019, if Defendant will either 1) agree to a continuance of the class certification deadline, or 2) agree to immediately send a privacy notice for all putative class members using the following procedures:

Defendant will, by the close of business on June 24, 2019, provide a list in Excel or comparable electronic format of the name, last known residence address, last known residence telephone number and last known email address (if Defendant retains them, and if not, please provide a declaration to that effect), all job titles held, by date, and the facility at which each worked, by date of all putative class members (all Defendant's hourly-paid California employees since January 5, 2015. The TPA will run the addresses through a National Change of Address search. The TPA will format the Notice and will circulate it and the opt-out postcard to the parties for approval. The TPA will then mail the Notice and postcard in an envelope to all class members. Any undeliverable notices will be skip-traced and if possible, remailed. At the end of a 25-day period (+ 5 additional business days to receive any opt-outs that were mailed at the end of the opt-out period), the TPA will provide to

Plaintiff's counsel the list of and contact information for those class members who did not object to disclosure. If there are any concerns regarding any particular opt-out, the TPA will so advise the parties of the situation and the parties will work together in good faith to resolve any issues. We propose RG2 Claims Administration, LLC, as the TPA, and Plaintiff will split the cost of the mailing 50/50 with Defendant.

If Defendant will not agree to either of these options, Plaintiff will have no choice but to move to compel.

We look forward to hearing back from you as requested, and appreciate your time and consideration.

Best,
GL
--------------------------------------------------------------------------------
Gregg Lander, Esq.
LAW OFFICES OF KEVIN T. BARNES
A Professional Law Corporation
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Toll-free: (877) 309-3577
Local: (323) 549-9100
Fax: (323) 677-4421
Email: Lander@kbarnes.com
Web: www.kbarnes.com
--------------------------------------------------------------------------------
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply email to Lander@kbarnes.com and delete this message. Thank you.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

25

# EXHIBIT H

DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
SARAH ZENEWICZ, CA Bar No. 258068
sarah.zenewicz@ogletree.com
SEAN M. KRAMER, CA Bar No. 293850
sean.kramer@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
IKEA U.S. RETAIL, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:19-cv-01182-CJC (ASx)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CORRECTION OF STIPULATION ON PRIVACY NOTICE**<br><br>Complaint Filed:   January 10, 2019<br>Trial Date:         April 7, 2020 |

## STIPULATION REGARDING CORRECTION OF JULY 15, 2017 STIPULATION ON PRIVACY NOTICE

Plaintiff Allyza Cahilig ("Plaintiff") and Defendant IKEA U.S. Retail, LLC ("Defendant") (collectively, "the Parties"), stipulate and agree as follows:

WHEREAS, in June and July 2019, the Parties negotiated a Stipulation and [Proposed] Order for the distribution of a pre-certification privacy notice to a 20% sample of putative class members;

WHEREAS, on July 2, 2019, Plaintiff sent a draft stipulation that proposed  in Paragraph 3 that Defendant produce personal email addresses for the putative class members "to the extent any personal email addresses are maintained by IKEA in the usual course of business";

WHEREAS, on July 3, 2019, Defendant responded to Plaintiff by email, expressly rejecting Plaintiff's proposal regarding personal email addresses in Paragraph 3 in the cover email and providing a revised draft stipulation that Defendant would provide personal email addresses for putative class members "to the extent any personal email addresses are maintained with IKEA's personnel records in the usual course of business";

WHEREAS, in Defendant's July 3, 2019 email sending Defendant's revisions to the stipulation, Defendant stated, "Once our changes are accepted, you have my permission to add my e-signature and file";

WHEREAS, Plaintiff responded on July 11, 2019, stating via email, "I have accepted your proposed changes" and informing Defendant that the stipulation would be filed the following Monday;

WHEREAS, on July 15, 2019, Plaintiff filed the Stipulation and [Proposed] Order Regarding Privacy Notice (ECF No. 21) with Defendant's counsel's signature;

WHEREAS, the Stipulation and [Proposed] Order Regarding Privacy Notice filed by Plaintiff on July 15, 2019, is not the version of the stipulation that Defendant approved to be filed with counsel's signature because it did not incorporate the

STIPULATION AND [PROPOSED] ORDER REGARDING CORRECTION OF
STIPULATION ON PRIVACY NOTICE

Defendant's change to Paragraph 3, and instead was Plaintiff's July 2, 2019 version of Paragraph 3, which Defendant had expressly rejected;

WHEREAS, on July 17, 2019, the Court entered an Order granting the Stipulation Regarding Privacy Notice (ECF No. 22); and,

WHEREAS, on July 26, 2019, upon discovery that the Stipulation and [Proposed] Order Regarding Privacy Notice was not the version approved by Defendant for signature and filing, Defendant alerted Plaintiff that Plaintiff had filed a stipulation with Defendant's counsel's signature that Defendant did not approve.

NOW THEREFORE, the Parties stipulate and agree as follows:  The portion of Paragraph 3 of the Stipulation Regarding Privacy Notice (ECF No. 21) that states "to the extent any personal email addresses are maintained by IKEA in the usual course of business" is stricken and amended to state "to the extent any personal email addresses are maintained with IKEA's personnel records in the usual course of business"

**IT IS SO STIPULATED.**

DATED: July __, 2019            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
        DOUGLAS J. FARMER
        SARAH ZENEWICZ
        SEAN M. KRAMER
        Attorneys for Defendant
        IKEA U.S. RETAIL, LLC

STIPULATION AND [PROPOSED] ORDER REGARDING CORRECTION OF STIPULATION ON PRIVACY NOTICE

DATED: July __, 2019                LAW OFFICES OF KEVIN T. BARNES


By: _____
    Kevin T. Barnes, Esq.
    Gregg Lander, Esq.
    Attorneys for Plaintiff


       Pursuant to Local Rule 5-4.3.4(a)(2), I, Sarah Zenewicz, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

1  DOUGLAS J. FARMER, CA Bar No. 139646
   douglas.farmer@ogletree.com
2  SARAH ZENEWICZ, CA Bar No. 258068
   sarah.zenewicz@ogletree.com
3  SEAN M. KRAMER, CA Bar No. 293850
   sean.kramer@ogletree.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  Steuart Tower, Suite 1300
   One Market Plaza
6  San Francisco, CA  94105
   Telephone:  415-442-4810
7  Facsimile:   415-442-4870
8
   Attorneys for Defendant
9  IKEA U.S. RETAIL, LLC

10

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14  ALLYZA CAHILIG, on behalf of            Case No. 2:19-cv-01182-CJC (ASx)
    herself and all others similarly situated,
15                                          **[PROPOSED] ORDER REGARDING**
                                            **CORRECTION OF STIPULATION**
16              Plaintiff,                  **ON PRIVACY NOTICE**

17         v.
                                            Complaint Filed:   January 10, 2019
18  IKEA U.S. RETAIL, LLC, a Virginia       Trial Date:        April 7, 2020
    limited liability company; and DOES 1
19  through 100, inclusive,

20              Defendant.

21

22

23

24

25

26

27

28

# **[PROPOSED] ORDER**

Based on the Stipulation of the Parties, and good cause appearing, it is hereby ordered that Paragraph 3 of the Stipulation Regarding Privacy Notice (ECF No. 21) that states "to the extent any personal email addresses are maintained by IKEA in the usual course of business" is stricken and amended to state "to the extent any personal email addresses are maintained with IKEA's personnel records in the usual course of business"

Dated: _____         _____
                                        Honorable Cormac J. Carney
                                        Judge of the District Court

Cahilig v. IKEA - Stipulation to

1                              Case No. 2:19-cv-01182-CJC (ASx)