Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 2:19-cv-01182-CJC (AS)<br><br>**SUPPLEMENTAL DECLARATION OF KEVIN T. BARNES RE: CLAIMS STATISTICS**<br><br>Date: October 1, 2020<br>Time: 1:30 p.m.<br>Ctrm: 9B<br><br>Honorable Cormac J. Carney<br><br>Action filed: January 10, 2019<br>Trial Date: July 7, 2020 |

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

**SUPPLEMENTAL DECLARATION OF KEVIN T. BARNES RE: CLAIMS STATISTICS**

### SUPPLEMENTAL DECLARATION OF KEVIN T. BARNES

I, KEVIN T. BARNES, declare:

1.       I am an attorney duly licensed to practice law in the State of California and am the principal attorney at The Law Offices of Kevin T. Barnes, and am Co-counsel for the class action Plaintiff herein.  I have personal knowledge of the matters set forth herein, and would and could testify thereto if called as a witness herein.

2.       The deadline to object or opt out of this settlement has passed and there are zero (0) objections, seven (7) opt outs and zero (0) remaining workweek disputes. See Supplemental Declaration of Abigail Schwartz from Rust Consulting attached as **Exhibit 1**. Ms. Schwartz also confirms that 99.9% of all Class Members are participating in this settlement.

3.       Likewise, attached as **Exhibit 2** is the [Proposed] Order and Judgment Granting Final Approval of Class Action Settlement, Attorney Fees, Costs and Class Representative Enhancement. This Order and Judgment is also filed concurrently with this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of September, 2020, at Los Angeles, California.

By:    */s/ Kevin T. Barnes*
Kevin T. Barnes, Esq.

**SUPPLEMENTAL DECLARATION OF KEVIN T. BARNES RE: CLAIMS STATISTICS**

EXHIBIT 1

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenus, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034
Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others
similarly situated

Douglas J. Farmer (#139646)
Sarah Zenewicz (#258068)
Sean M. Kramer (#293850)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Tel.: (415) 442-4810
Fax: (415) 442-4870
Email: douglas.farmer@ogletree.com;
sarah.zenewicz@ogletree.com;
sean.kramer@ogletree.com

Attorneys for Defendant
IKEA US RETAIL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CV 19-01182-CJC(ASx)<br><br>**SUPPLEMENTAL DECLARATION OF ABIGAIL SCHWARTZ FOR RUST CONSULTING, INC.** |

I, Abigail Schwartz, declare as follows:

1.      I am a Program Manager for Rust Consulting, Inc. ("Rust").  My business address is 625 Marquette Avenue, Suite 900, Minneapolis, Minnesota 55402-2469.  My telephone number is (612) 359-2078.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2.      Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues.  We have provided notification and/or claims administration services in more than 6,500 cases.  Of these, approximately 3,000 were Labor & Employment cases.

3.      Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendants (collectively the "Parties") to provide notification services in the *Allyza Cahilig v. IKEA U.S. Retail, LLC* Settlement ("Settlement").  Duties included: a) preparing, printing and mailing of the *Notice of Class Action Settlement* ("Notice"); b) tracking of requests to opt-out, objections and disputes; c) drafting and mailing Settlement Award checks; and d) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4.      Rust obtained a mailing address of IKEA Settlement Administrator, c/o Rust Consulting, Inc. - 7006, P.O. Box 54, Minneapolis, Minnesota 55440-0054 to receive requests to opt-out, objections, disputes, undeliverable Notices and other communications regarding the Settlement.

5.      Rust obtained a toll-free telephone number of (877) 456-1186 for Class Members to call with questions regarding the Settlement. The toll-free telephone number was included in the Notice.

6.      Rust obtained a facsimile number of (877) 896-4219 for receiving communications about the Settlement.  The facsimile number was included in the Notice.

7.      On or about June 22, 2020, Rust received text for the Notice from Counsel.  A draft of the formatted Notice was prepared by Rust and approved by the Parties.  Attached as Exhibit A is a copy of the final Notice.

SUPPLEMENTAL DECLARATION OF ABIGAIL SCHWARTZ FOR RUST CONSULTING, INC.

8.      On or about July 8, 2020, Counsel for the Defendants provided Rust with a mailing list containing Class Member's names, last known addresses, Social Security Numbers and applicable employment information ("Class List").  The Class List contained data for 6,850 potential Class Members.

9.      The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains requested changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice.

10.      On July 23, 2020, Notices were mailed to 6,850 Class Members contained in the Class List via First Class mail.  The Notice advised Class Members that they could submit a request to opt-out, an objection and/or dispute postmarked by September 6, 2020.

11.      Rust performed 342 address traces on Notices returned as undeliverable for the first time as of September 6, 2020.  The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address.  Of the 342 traces performed, 293 more current addresses were obtained and Notices were promptly re-mailed to those Class Members via First Class mail.  Of the 342 traces performed, Rust did not obtain updated addresses for 49 undeliverable Notices.  Of the 293 Notices mailed to a more current address identified from trace, 20 Notices were returned to Rust as undeliverable a second time.  As of this date, 69 Notices remain undeliverable.

12.      As of this date, 18 Notices were returned by the Post Office with forwarding addresses as of September 6, 2020.  Rust promptly re-mailed Notices to those Class Members via First Class mail.

13.      As of this date, one (1) Class Member disputed the employment information provided by the Defendant. The dispute has been resolved and resulted in no changes to the Class Member's Qualified Workweeks.

14.      As of this date, Rust received seven (7) requests to opt-out from the following individuals:  Ronald Anderson, Robert Flipp, Jocelyn Park, Kali Bell, Anais Paez, Curtis Gutierrez

and Melvin Shuman.  As of this date, the total participation rate of Class Members is approximately 99.9%.

15.     As of this date, Rust received zero (0) objections.

16.     As of this date, Rust received two (2) request to re-mail the Notice which were promptly re-mailed via First Class mail.

17.     Based on the Net Settlement Amount, currently estimated at $5,510,238.06.00, the Estimated WorkWeek Settlement Amount is $8.84. The estimated average Class Member Individual Settlement Payment for the class will be $804.34 and the estimated highest Class Member Individual Settlement Payment for the class will be $2,423.13.

18.     The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $39,555.00.

19.     I declare under penalty of perjury that the above is true and correct to the best of my knowledge and that this Declaration was executed this 17th day of September 2020, at Minneapolis, MN.

ABIGAIL SCHWARTZ

SUPPLEMENTAL DECLARATION OF ABIGAIL SCHWARTZ FOR RUST CONSULTING, INC.

# EXHIBIT A



IKEA Settlement Administrator
c/o Rust Consulting, Inc – 7006
PO Box 54
Minneapolis, MN 55440-0054

## IMPORTANT LEGAL MATERIALS

* C L M N T   I D N O * - UAA <<SequenceNo>>

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

## NOTICE OF CLASS ACTION SETTLEMENT
*Allyza Cahilig v. IKEA U.S. Retail, LLC*
United States District Court – Central District of California
Case No. 2:19-cv-01182-CJC-AS

> **This class action settlement will affect your rights if you worked for IKEA US RETAIL LLC as an hourly, non-exempt employee in California at any time during the period from January 10, 2015, through March 31, 2020, inclusive.**

**This class action settlement will affect your rights if you worked for IKEA US RETAIL LLC as an hourly, non-exempt employee in California at any time during the period from January 10, 2015, through March 31, 2020, inclusive.**

- Former employee Allyza Cahilig ("Class Representative" or "Plaintiff") sued IKEA US RETAIL LLC ("IKEA" or "Defendant") on behalf of herself and all current and former hourly-paid, non-exempt employees employed by IKEA in California and has alleged that Defendant violated the California Labor Code and California Unfair Competition Law, and that she is entitled to recover civil penalties for herself and other aggrieved employees under the California Private Attorneys General Act of 2004 ("PAGA").

- The claims of the Class Representative and the Settlement Class have been settled. The Court has preliminarily approved the Settlement.

- If you qualify as a Settlement Class Member, you could receive money from the Settlement.

- **You are not being sued.** Plaintiff sued IKEA in a class and representative action on behalf of herself and similarly situated employees like you.

*The Court approved this notice. This is not an advertisement.*
*However, your legal rights are affected whether you act or not.*

### PLEASE READ THIS NOTICE.

| | |
|---|---|
| **DO NOTHING** | You will receive a payment from the Settlement. No action is required for you to receive a share of this Settlement. In exchange for this payment, you will give up any rights to sue for the same claims that were part of this Settlement |
| **EXCLUDE YOURSELF** | Give up all benefits, including money, from the Settlement. Retain all rights you may have against IKEA, as explained below. This is the only option that allows you to file your own lawsuit against IKEA for the claims released in this Settlement. |
| **OBJECT** | Write to the Court about why you don't agree with the Settlement. The Court may or may not agree with your objection. If the Court approves the Settlement, you will receive a Settlement payment. Objecting to the Settlement will not exclude you from receiving a portion of the Settlement. |
| **HOW MUCH CAN I GET?** | Based on IKEA's records, your gross Individual Settlement Payment is estimated to be $<<EstimatedAward>>. This is based on your total Qualified Workweeks: <<WorkWeeks>>. |

## WHAT IS IN THIS NOTICE

1.  Why Am I Receiving This Notice? ............................................................................................ Page 2

2.  What Is The Lawsuit About? ..................................................................................................... Page 2

3.  Do I Have An Attorney? ............................................................................................................ Page 3

4.  Who Is In The Class? ................................................................................................................ Page 3

5.  What Are The Terms Of The Settlement? .................................................................................. Page 3

6.  What Can I Receive From The Settlement? ............................................................................... Page 3

7.  How Is My Portion Of The Settlement Calculated? ................................................................... Page 4

8.  What Happens If I Do Nothing? ............................................................................................... Page 4

9.  When And Where Is The Final Approval Hearing? .................................................................... Page 4

10. Who Are The Attorneys Representing The Parties? ................................................................... Page 4

11. What Are My Rights? How Will My Rights Be Affected? ......................................................... Page 4

12. What Should I Do If I Do Not Want To Be Part Of The Settlement? ........................................ Page 5

13. What Should I Do If I Want To Object To The Settlement? ....................................................... Page 5

14. How Do I Get Additional Information? ..................................................................................... Page 6

| 1. | Why Am I Receiving This Notice? |
|----|----|

IKEA's records show that you were or are an hourly, non-exempt employee for IKEA in California during some or all of the period January 10, 2015, through March 31, 2020, inclusive (the "Class Period").

You received this Notice because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

| 2. | What Is The Lawsuit About? |
|----|----|

Plaintiff Allyza Cahilig filed her putative class and representative action lawsuit on January 10, 2019, on behalf of herself and all other hourly, non-exempt employees who worked for IKEA in California during the period starting January 10, 2015, in a case entitled *Allyza Cahilig v. IKEA U.S. Retail, LLC* (the "Lawsuit"). The operative First Amended Complaint alleges six causes of action against Defendant on a class and representative basis under the California Private Attorneys General Act ("PAGA"): (1) failure to provide paid off premise rest periods; (2) violations of Labor Code § 203; (3) derivative failure to timely furnish accurate itemized wage statements; (4) independent failure to timely furnish accurate itemized wage statements; (5) penalties pursuant to Labor Code § 2699 (PAGA); and (6) unfair business practices.

IKEA denies all of Plaintiff's allegations, or that it violated any law, and contends that at all times it complied with federal, state and local laws. The Settlement is not an admission by IKEA of any wrongdoing or an indication that any law was violated.

The Court did not decide in favor of Plaintiff or Defendant. Nor has it decided whether this case could proceed as a class or representative action.

Instead of going through class certification or to trial, after a thorough investigation into the facts of this Lawsuit, both sides agreed to a settlement after a mediation using a neutral third-party mediator. The class claims were settled because Class Counsel and the Class Representative believe that the terms of the Settlement, which include monetary benefits, are fair and reasonable in light of the strength and weaknesses of the claims and other factors. The Settlement is represented in the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims filed with the Court.

---

**3.     Do I Have An Attorney?**

---

**You do not need to hire your own attorney.** You are already represented by Class Counsel (see below for their contact information) for the Lawsuit and settlement purposes. However, you may hire your own attorney at your own expense if you choose.

---

**4.     Who Is In The Class?**

---

You are part of the Settlement if you are a member of the "Settlement Class" (a "Settlement Class Member"). The "Settlement Class" includes all current and former hourly-paid, non-exempt employees employed by IKEA in California at any time during the period from January 10, 2015, through March 31, 2020, inclusive that do **not** submit a timely and valid request for exclusion.

---

**5.     What Are The Terms Of The Settlement?**

---

In exchange for the release of claims against it and final judgment on the Lawsuit, Defendant will pay $7,500,000 plus the employer's share of payroll taxes ("Maximum Settlement Amount"), which includes all payments contemplated by the Settlement Agreement, including all payments to Settlement Class Members, a service award to Plaintiff, Class Counsel's attorneys' fees and costs, a payment to the California Labor and Workforce Development Agency for settlement of the PAGA claim (the "LWDA Payment"), employee-side taxes, and settlement administration costs. The "Net Settlement Amount" is the amount remaining after deduction of Class Counsel's attorneys' fees and costs, the service award to the Plaintiff, the LWDA Payment, and the settlement administration costs, which will be distributed to Settlement Class Members who do not opt out.

Subject to Court approval, the Maximum Settlement Amount will be allocated at follows:

- Individual Settlement Payments: Settlement Class Members who do not opt out are eligible to receive money from the Net Settlement Amount as an Individual Settlement Payment, which is calculated as described below. The Net Settlement Amount is estimated to be approximately $5,507,500. Your estimated gross Individual Settlement Payment from the Net Settlement Amount is listed on the first page.

- Class Representative Service Award: Plaintiff will request from the Court an award of $15,000 in recognition of her efforts and risks in assisting with the prosecution of the Lawsuit and in return for executing a General Release of claims against Defendant. This amount will be paid from the Maximum Settlement Amount, and any amount not awarded will revert to the Net Settlement Amount for distribution.

- Class Counsel Award: Class Counsel will request that the Court approve 25% of the Maximum Settlement Amount ($1,875,000 of $7,500,000) as attorneys' fees for litigation and resolution of this Lawsuit and actual costs and expenses (not to exceed $25,000), as supported by declaration. This amount will be paid from the Maximum Settlement Amount, and any amount not awarded will revert to the Net Settlement Amount for distribution.

- PAGA Payment: $50,000 from the Maximum Settlement Amount is allocated for settlement of claims under the Private Attorneys General Act of 2004. From that allocation, 75% ($37,500) will be paid to the California Labor and Workforce Development Agency, and 25% ($12,500) will be distributed to Settlement Class Members as part of the Net Settlement Amount.

- Settlement Administration: The cost of settlement administration shall not exceed $40,000, which pays for tasks such as mailing and tracking this Notice, tracking Requests for Exclusion and Notices of Objection, mailing checks and tax forms, and reporting to the parties and the Court.

Any checks issued to Settlement Class Members shall remain valid and negotiable for 180 days from the date of their issuance. In the event an Individual Settlement Payment check has not been cashed within 180 days, the Settlement Administrator shall tender the funds represented by such uncashed checks to the California State Controller for deposit in the Unclaimed Property Fund in the name of the Settlement Class Member.

---

**6.     What Can I Receive From The Settlement?**

---

If you do not opt out of the Settlement, you will automatically receive your share of the Net Settlement Fund after the Court approves the Settlement. Your estimated share, that is your estimated gross Individual Settlement Payment, and your total workweeks from IKEA's records used to calculate it, are listed on the first page of this Notice. One-third of the Individual Settlement Payment will be designated as wages for which an IRS Form W-2 will issue; one-third will be designated as penalties for which an IRS Form 1099 will issue; and one-third will be designated as interest for which an IRS Form 1099 will issue.

| 7. | How Is My Portion Of The Settlement Calculated? |
|---|---|

Your Individual Settlement Payment is your pro rata share of the Net Settlement Amount based on your total Qualified Workweeks, which is the total number of workweeks that you worked as an hourly, non-exempt employee in California (based on IKEA's records) during the period January 10, 2015, through March 31, 2020, inclusive. Your Qualified Workweeks will be divided by the total Qualified Workweeks for all Settlement Class Members, resulting in your Payment Ratio. The Payment Ratio will then be multiplied by the Net Settlement Amount to determine your gross Individual Settlement Payment.

Your Individual Settlement Payment may vary from the estimated payment listed on this form if any Settlement Class Members opt out of the Settlement and depending upon the amounts that the Court approves for awards to Class Counsel, the Class Representative, and the Settlement Administrator.

<u>Only</u> if you disagree with the Qualified Workweeks stated above, mail a letter to the Settlement Administrator explaining why you disagree. Be as specific as possible and include copies of any supporting documents, such as paystubs. The decision of the Settlement Administrator will be final. Disputes must be mailed to the address below and must be postmarked no later than September 7, 2020:

**IKEA Settlement Administrator**
**c/o Rust Consulting Inc – 7006**
**PO Box 54**
**Minneapolis, MN 55440-0054**
**Phone: (877) 456-1186**
**Facsimile: (877) 896-4219**

| 8. | What Happens If I Do Nothing? |
|---|---|

If you do nothing and the Court approves the Settlement at the Final Approval Hearing, you will be issued your Individual Settlement Payment without any further action needed from you. If you are a current employee of IKEA, your decision as to whether or not to participate in this Settlement will not affect or in any way impact your employment.

To ensure receipt of your Individual Settlement Payment, you must notify the Settlement Administrator of any change in your name, mailing address and/or telephone number. It is your responsibility to keep the Settlement Administrator informed of your updated information, and your Individual Settlement Payment will be mailed to the last known address that the Settlement Administrator has on file for you.

| 9. | When And Where Is The Final Approval Hearing? |
|---|---|

The Court will hold the Final Approval Hearing on October 1, 2020 in Courtroom 7C of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California 90012, to decide whether to approve the Settlement. If the Court approves the Settlement, your Settlement share will be mailed to you within approximately 30 calendar days after the Effective Date of the Settlement, unless there are objections or appeals. It is always uncertain when these issues can be resolved, and resolving them can take time.

Please be advised that the date of the final approval hearing may change without further notice to the class. Class Members are therefore advised to check the Court's website or contact the Settlement Administrator to confirm that the date and location has not been changed.

| 10. | Who Are The Attorneys Representing the Parties? |
|---|---|

**Lead Class Counsel**

Kevin T. Barnes, Esq.
Gregg Lander, Esq.
**LAW OFFICES OF KEVIN T. BARNES**
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel. : (323) 549-9100 / Fax: (323) 549-0101
Email : Barnes@kbarnes.com

**IKEA's Counsel**

Douglas J. Farmer, Esq.
Sarah Zenewicz, Esq.
Sean M. Kramer, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK &**
**STEWART, P.C.**
One Market Plaza, Suite 1300
San Francisco, CA 94105

| 11. | What Are My Rights? How Will My Rights Be Affected? |
|---|---|

Unless you exclude yourself, you will remain a Settlement Class Member, and you will be bound by the terms of the

NOTICE OF CLASS ACTION SETTLEMENT
- 4 -

Settlement, including the Release of the Released Claims as described below. That means you will be unable to sue, or to continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders in this Action will apply to you and legally bind you.

### Released Claims

The "Released Claims" includes all causes of actions (i.e., claims) and factual or legal theories that were alleged in the First Amended Complaint filed by Plaintiff in the United States District Court for the District of California on August 22, 2019 or reasonably could have been alleged based on the facts and legal theories contained in the First Amended Complaint, whether known or unknown, including all of the following claims for relief: (a) rest break violations (Labor Code § 226.7, wage orders § 12); (b) waiting time penalties (Labor Code § 203); (c) wage statement violations (Labor Code §§ 226, 1174); (d) unfair business practices (Business & Professions Code § 17200, et seq.) as to the facts alleged in the operative complaint; (e) civil penalties under the Private Attorneys General Act ("PAGA") as to the facts alleged in the operative complaint; (f) any other claims or penalties under the wage and hour laws pleaded in the Action as to the facts alleged in the operative complaint; and (h) all damages, penalties, interest and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including the California Labor Code as to the facts alleged in the Action, the applicable Wage Orders as to the facts alleged in the complaints, and the California Unfair Competition Law as to the facts alleged in the operative complaint. The period of the release shall extend to the limits of the Settlement Period. The *res judicata* effect of the judgment will be the same as that of the release obtained by this Settlement. Settlement Class Members may discover facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this Action which are the subject matter of the Released Claims. Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Claims, and by virtue of the Settlement Agreement, Settlement Class Members shall be deemed to have, and, by operation of the final judgment approved by the Court, shall have, fully, finally, and forever settled and released all of the Released Claims.

The Release will extend to Defendant IKEA US RETAIL LLC and all of the Defendant's past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, partners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, benefits plans, joint venturers, and any individual or entity that could be liable for any of the Released Claims (collectively, the "Released Parties").

| **12.    What Should I Do If I Do Not Want To Be Part Of The Settlement?** |
|---|

If you do not wish to participate in this Settlement, you may exclude yourself (generally called "opting out") by submitting a written Request for Exclusion to the Settlement Administrator. Your request to opt-out must (a) be in writing; (b) state your name, address, and the last four digits of your social security number or Employee ID number; and (c) include a typed or handwritten statement requesting exclusion from the Settlement Class and stating in substance: "I wish to opt out of the Settlement Class and not participate in *Allyza Cahilig v. IKEA U.S. Retail, LLC*. I understand that by requesting to be excluded from the settlement, I will receive no money from the Settlement described in this Notice. [Dated, Signed, Contact Information.]"

You must personally sign the Request for Exclusion and may not have someone sign for you, nor may you submit a Request for Exclusion on behalf of a group or anyone else. Your Request for Exclusion must be signed and mailed via United States first class mail postmarked no later than September 7, 2020 to:

**IKEA Settlement Administrator**
**c/o Rust Consulting, Inc – 7006**
**PO Box 54**
**Minneapolis, MN 55440-0054**
**Phone: (877) 456-1186**
**Facsimile: (877) 896-4219**

If you submit a timely Request for Exclusion, then upon its receipt you shall not be a member of the Settlement Class, you shall be barred from participating in any portion of the Settlement, you may not object to the Settlement, and you shall receive no benefits, including money, from the Settlement. If you wish, you may then pursue, at your own expense, any claims you may have against IKEA. If you do not submit a complete and timely written Request for Exclusion, you will be included in the Settlement Class, and be bound by the terms of the Settlement (including the Released Claims described above), whether or not you objected to the Settlement.

| **13.    What Should I Do If I Want To Object To The Settlement?** |
|---|

Any Settlement Class Member who has not asked to be excluded from this Settlement may object to the Settlement. Keep

in mind that objecting is not the same as requesting to be excluded. Submitting an objection will **not** exclude you from the Settlement Class. **If your objection is overruled, you will still be bound by the Settlement.**

If you wish to object to the Settlement, you may submit your written Notice of Objection to the Settlement Administrator stating the basis or reason(s) for your objection to the Settlement. You may object to any of the terms in the Settlement Agreement, including but not limited to the proposed Class Counsel Award, the Class Representative Service Award, or the Settlement Administrator's payment. A written Notice of Objection must be signed by you and include: (1) the name and case number of this Action, (2) your full name and most current address, (3) the last four digits of the Settlement Class Member's Social Security number or Employee ID; (4) the legal and factual basis for the objection; (5) the evidence that supports the objection; and (6) a statement of whether you intend to appear at the Final Approval Hearing. Failing to make objections in the manner specified above may be deemed a waiver of the objection.

Your Notice of Objection must be signed and mailed via United States first class mail postmarked no later than September 7, 2020 to:

**IKEA Settlement Administrator**
**c/o Rust Consulting, Inc – 7006**
**PO Box 54**
**Minneapolis, MN 55440-0054**
**Phone: (877) 456-1186**
**Facsimile: (877) 896-4219**

If you have submitted a written objection, you may also appear at the Final Approval Hearing set for October 1, 2020 in Courtroom 7C of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California 90012, and discuss your objections with the Court and the Parties. The Final Approval Hearing may be continued to another date without further notice.

You have the right to retain your own attorney, at your own expense, to submit a Notice of Objection or appear on your behalf at the Final Approval Hearing.

**If the Court approves the Settlement despite any objections, and you have not opted out of the Settlement, you will receive your Individual Settlement Payment and will be bound by the terms of the Settlement (including the Released Claims described above).**

**You cannot both object and opt-out. If you submit both a Request for Exclusion and a Notice of Objection, the Notice of Objection will be invalid, while the Request for Exclusion will be valid.**

| 14. | How Do I Get Additional Information? |
|---|---|

This Notice only summarizes the proposed Settlement and its terms. For more information, contact Lead Class Counsel at the below address or phone number; by accessing the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov; or by visiting the Office of the Clerk of the United States District Court for the District of California, 255 East Temple Street, Room 180, Los Angeles, CA 90012.

The Settlement Agreement is available by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov; by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, 255 East Temple Street, Room 180, Los Angeles, CA 90012 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays; by contacting the Settlement Administrator at (877) 456-1186; or by contacting Lead Class Counsel at (323) 549-9100.

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may call Lead Class Counsel, Kevin T. Barnes (323-549-9100) or email him at barnes@kbarnes.com, or call the Settlement Administrator at the telephone number listed below, toll free.

**IKEA Settlement Administrator**
**c/o Rust Consulting, Inc – 7006**
**PO Box 54**
**Minneapolis, MN 55440-0054**
**Phone: (877) 456-1186**
**Facsimile: (877) 896-4219**

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE SETTLEMENT PROCESS.**

EXHIBIT 2

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 2:19-cv-01182-CJC (AS) <br><br> **[PROPOSED] ORDER AND JUDGEMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT** <br><br> Date: October 1, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 9B <br><br> Honorable Cormac J. Carney <br><br> Action filed: January 10, 2019 <br> Trial Date: July 7, 2020 |

**[PROPOSED] ORDER AND JUDGEMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

The Plaintiff and Class Members, as defined below, and the settling Defendant IKEA US RETAIL LLC. (hereinafter "Defendant" or "IKEA") have entered into an agreement to settle the above-captioned class action, subject to the Court's approval. The Settlement provides for the payment of compensation to each Settlement Class Member.

Pursuant to the Preliminary Approval Hearing and Order, this Court granted preliminary approval to the Settlement. The Preliminary Approval Order also approved the Notice of Class Action Settlement ("Notice") and the notice plan. The Court entered the Preliminary Approval Order after review and consideration of all of the pleadings filed in connection herewith.

In compliance with the Preliminary Approval Order, Notice was sent to all Class Members via first-class mail. Furthermore, multiple follow-up mailings were performed for returned mail in addition to the distribution of the Notice to Class Members requesting copies. The notice plan was timely completed.

This matter is now before the Court on Plaintiff's Motion for Final Approval of the Class Action Settlement, Attorney Fees, Costs and Class Representative Enhancement. The Court has read, heard, and considered all the pleadings and documents submitted, and the presentations made in connection with the Motion which came for hearing on October 1, 2020. This Court finds that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court finds that the settlement was entered into in good faith. The Court further finds that the settlement is fair, reasonable and adequate and that Plaintiff has satisfied the standards for final approval of a class action settlement under federal law. Under the provisions of Federal Rule of Civil Procedure 23, the Trial Court has discretion to certify a Class where: [Q]uestions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1    fair and efficient adjudication of the controversy… Fed. R. Civ. Proc. 23(b)(3).

2        Certification of a Class is the appropriate judicial device under these

3    circumstances.

4        Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

5    1.    This Court has jurisdiction over the claims of the Settlement Class

6    Members asserted in this proceeding and over all parties to the action.

7    2.    For the reasons set forth in the Preliminary Approval Order, which are

8    adopted and incorporated herein by reference, this Court finds that the applicable

9    requirements of the <u>Federal Rule of Civil Procedure</u> 23 has been satisfied with respect

10    to the Settlement Class and the proposed settlement.

11    3.    The Class Definition is as follows: all current and former hourly-paid,

12    non-exempt employees employed by Defendant in California during the Class

13    Period, defined as January 10, 2015, through March 31, 2020. It shall be an opt-out

14    class.

15    4.    The Notice given to the Settlement Class Members fully and accurately

16    informed the Class Members of all material elements of the proposed settlement and

17    of their opportunity to request exclusion, object or comment thereon; was the best

18    notice practicable under the circumstances; was valid, due and sufficient notice to all

19    Class Members; and complied fully with the laws of the State of California, Federal

20    Rules of Civil Procedure, the United States Constitution, due process and other

21    applicable law.  The Notice fairly and adequately described the settlement and

22    provided Class Members adequate instructions and a variety of means to obtain

23    additional information.  A full opportunity has been afforded to the Settlement Class

24    Members to participate in this hearing, and all Settlement Class Members and other

25    persons wishing to be heard have been heard.  Accordingly, the Court determines that

26    all Settlement Class Members who did not timely and properly opt out are bound by

27    this judgment and order. There are seven (7) opt outs to this settlement from the

28    following individuals: Ronald Anderson, Robert Flipp, Jocelyn Park, Kali Bell,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND
CLASS REPRESENTATIVE ENHANCEMENT**

Anais Paez, Curtis Gutierrez and Melvin Shuman.

5.       Pursuant to California law and Federal <u>Rule of Civil Procedure</u> 23(e), the Court hereby grants final approval to the settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Settlement Class Members as a whole. Accordingly, the Court hereby directs that the settlement be effected in accordance with the Joint Stipulation of Class Action Settlement And PAGA Settlement And Release of Claims and the following terms and conditions.

6.       With this final approval of the proposed settlement, it is hereby ordered that all members of the Settlement Class who have not opted out of the Settlement Class fully release and discharge Defendant, and also all of the Defendant's past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, partners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, benefits plans, joint venturers, and any individual or entity that could be liable for any of the Released Claims. The release shall cover any claims arising within the scope of the lawsuit arising any time up to and including March 31, 2020.

7.       The Class Representative additionally waive all rights and benefits afforded by California <u>Civil Code</u> §1542 and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8.       It is hereby ordered that a Class Representative Enhancement of $15,000 to Allyza Cahilig is fair and reasonable.

9.       It is hereby ordered that the attorneys fee request of $1,875,000, $22,706.94 as costs of litigation and $39,555 as costs for the Claims Administrator

- 4 -

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

fees, which amounts shall be paid out of the total settlement amount as set forth in this

settlement is hereby granted pursuant to federal law because, *inter alia*, Plaintiff's

counsels' request falls within the range of reasonableness and the result achieved

justifies the award.

10.    It is hereby ordered that the $50,000 PAGA payment shall be made, with

$37,500 payable to the Labor Workforce Development Agency and shall be paid out

of the total settlement amount as set forth in this settlement.

11.    Without affecting the finality of this matter, this Court shall retain

exclusive and continuing jurisdiction over this action and the parties, including all

Settlement Class Members, for purposes of supervising, administering, implementing,

and enforcing, and interpreting the settlement, and the claims process thereunder.

## **JUDGMENT**

In accordance with, and for the reasons stated in this Order, judgment shall

be entered whereby the representative Plaintiff and all Settlement Class Members

shall take nothing from Defendant, except as expressly set forth in the Joint

Stipulation of Class Action And PAGA Settlement And Release of Claims, which

was previously filed, as part of Plaintiff's Motion for Preliminary Approval of the

Class Action Settlement.


**IT IS SO ORDERED.**


Dated:_____, 2020    _____

                                 Honorable Cormac J. Carney
                                 United States District Judge

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND
CLASS REPRESENTATIVE ENHANCEMENT**

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

        I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

5

6

        On the date of execution hereof, I caused to be served the following attached document/s:

7

8

**SUPPLEMENTAL DECLARATION OF KEVIN T. BARNES RE: CLAIMS STATISTICS**

9

        on the interested parties in this action, addressed as follows:

10

_Attorneys for Defendant:_                _Attorneys for Plaintiff:_

11

Douglas J. Farmer, Esq.              Raphael A. Katri, Esq.
Sarah Zenewicz, Esq.                LAW OFFICES OF RAPHAEL A. KATRI

12

OGLETREE, DEAKINS, NASH,    8549 Wilshire Boulevard, Suite 200
SMOAK & STEWART, P.C.        Beverly Hills, CA 90211-3104

13

One Market Plaza, Suite 1300       Tel.: (310) 940-2034
San Francisco, CA 94105             Fax: (310) 733-5644

14

Tel.: (415) 442-4810                 RKatri@socallaborlawyers.com
Fax: (415) 442-4870

15

Douglas.Farmer@ogletree.com

16

        using the following service method(s):

17

18

   **X   VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

19

20

I DECLARE under penalty of perjury that the foregoing is true and correct.

21

Executed on **September 17, 2020**, at Los Angeles, California.

22

                        _/s/ Cindy Rivas_
                        **Cindy Rivas**

23

24

25

26

27

28

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101